25165. HICKS *et al. v.* STANDARD ACCIDENT INSURANCE COMPANY *et al.*

DECIDED FEBRUARY 13, 1936.  REHEARING DENIED MARCH 24, 1936.

*A·. S. Skelton, J. H. & Emmett Skelton, Hugh & Carey Skelton,* for plaintiffs.

*Neely, Marshall & Greene,* for defendants.

SUTTON, J. This is a writ of error to review the judgment of the superior court affirming, on appeal, an award of the Department of Industrial Relations denying compensation and dismissing the claim. It appears from the judgment excepted to that on August 5, 1926, one Hicks received an injury while working for a named company subject to the provisions of the workmen's compensation statute, and as a result of that injury he died on December 28, 1932; that no claim for compensation because of such injury was ever filed by Hicks; that on May 3, 1933, and within one year from the date of Hicks' death, a claim was filed by his dependents seeking compensation for the death of such employee, on which claim a hearing was had on June 28, 1933, and on September 18, 1933, the commissioner held as a matter of law that the claim was barred, and dismissed it for the reason that any claim of the deceased employee had become barred, and because the full period of 300 weeks after the date of the accident had passed before the dependents filed their claim, that from this order an appeal was taken to the superior court, where, on December 4, 1933, the award was affirmed, to which judgment of affirmance no exception was taken; that, within six months from December 4, 1933, being more than one year after the death of the employee, the claimants filed a second claim, contending that they had a right so to do under the Code of 1910, § 4381 (Code of 1933, § 3-808) ; and that on January 19, 1935, the commission again denied compensation on the ground that the claimants were barred by reason of the order denying them compensation and dismissing their first claim, which was conclusive, having been affirmed by judgment of the superior court on appeal, and no exception to that judgment taken; and that the department had no jurisdiction to grant a new hearing or a rehearing and change or correct the order or award made on the first claim.

The power of the Department of Industrial Relations to reopen and rehear cases or grant a new hearing, in a matter in which an award has been made, is limited by the compensation act; and after seven days from its rendition, where there has been no change in condition, the department can not reopen a final and conclusive

award denying compensation and dismissing the claim therefor, which was appealed to the superior court and there affirmed, and no exception taken. The doctrine of res judicata applies to such an unreversed order or judgment. Therefore, the Department of Industrial Relations has not the power and authority, under section 45 of the compensation act or any other provision thereof, after a full hearing and rendition of an award denying compensation, and affirmance of that award on appeal to the superior court, to which judgment no exception is taken, to entertain another application by the same claimants, filed after the time provided in the act for filing a claim for compensation for the death of the same employee, on the ground that the former award was erroneous, was not a hearing on the merits (the commission having denied compensation and dismissed the claim on the ground that the claim filed by the dependents of the deceased employee was barred because any claim in favor of the employee for the injury had become barred, and because 300 weeks had intervened since the date of the employee's injury that resulted in his death); and therefore that the Code section (supra), providing that actions nonsuited or dismissed could be brought again within six months and within the statute of limitations, would be tolled. No provision of law is made for a second claim where there has been an adjudication, right or wrong, of the same subject-matter between the same parties on the first claim, which is binding until set aside, there being no question of any change in the condition. Besides, the second claim itself was barred, being filed more than a year after the date of the death of the employee. The Code section cited does not apply to proceedings instituted under the workmen's compensation act, but only to ordinary suits at law, and the one-year limitation period was not tolled. It follows that the judgment of the superior court affirming, on appeal, the order of the commission dismissing the second claim, was correct. Ga. L. 1920, p. 167; Code of 1933, §§ 114-305, 114-709; *Gravitt* v. *Georgia Casualty Co.*, 158 *Ga.* 613 (123 S. E. 897); *U. S. Casualty Co.* v. *Smith*, 162 *Ga.* 130 (133 S. E. 851); *Bussey* v. *Bishop*, 169 *Ga.* 251 (150 S. E. 78, 67 A. L. R. 287); *Ætna Life Ins. Co.* v. *Davis*, 172 *Ga.* 258 (157 S. E. 449); *Porter* v. *Liberty Mutual Ins. Co.*, 46 *Ga. App.* 86 (166 S. E. 675); *Sutton* v. *Macon Gas Co.*, 46 *Ga. App.* 299 (167 S. E. 543); *Thippen* v. *Hall*, 46 *Ga. App.* 356 (167 S. E. 728); *Jones* v. *Ameri-*

*can Mutual Liability Ins. Co., 48 Ga. App.* 351 (172 S. E. 600) ; *Southern Cotton-Oil Co.* v. *McLain, 49 Ga. App.* 177 (174 S. E. 726) ; *Mitcham* v. *Singleton, 50 Ga. App.* 457 (178 S. E. 465). *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*