## 30408. BRYANT *v.* WHITLEY *et al.*

DECIDED MARCH 17, 1944. ADHERED TO ON REHEARING, MARCH 30, 1944.

*W. L. Bryan, J. D. Gardner,* for plaintiff.

*J. C. Murphy,* for defendant.

FELTON, J. I. Bryant sued J. E. Whitley as principal, and Western Casualty and Surety Company as surety, on a road-contract bond executed under the provisions of the act of 1916 (Ga. L. 1916, p. 94; Code, §§ 23-1705 et seq.). The action is a renewal of one filed against the same parties within one year after the completion of the contract between J. E. Whitley and the State Highway Department and the acceptance of the work by the highway department. The present action shows on its face that it was not filed within one year from the completion of the contract and the acceptance of the work. The court sustained a general demurrer and dismissed the action as to the surety company, and the plaintiff excepted.

The act of 1916, above referred to, repealed the act of 1910 (Ga. L. 1910, p. 86), providing for a similar action, and provided

(Code, § 23-1708), that "any person entitled to the protection of such bond may maintain an action thereon for the amount due him, subject to the provisions hereinafter stated." The statute then sets out the conditions under which actions may be brought on the bond. In section 5 of the act it is provided: "Limit of time to bring action: . . no action can be instituted on said bond after one year from the completion of the said contract and the acceptance of said public building or public work by the proper public authorities." Section 5 is separately codified as § 23-1709 of the Code of 1933. The plaintiff in error contends that the provision of the time limit within which the action can be brought is merely a time limitation on the action, and that a renewal action filed within six months from the voluntary dismissal of the first action by him is authorized by the Code, § 3-808, providing for renewal actions within six months from the time of the nonsuit, discontinuance, or dismissal of the original action. The defendant in error contends that the one-year limitation is not a mere time limit on the action, but that the time limitation is a condition annexed to the right of action created by the statute. The general rule is that "a statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits." 34 Am. Jur. 16, § 7. This principle is recognized and enforced in this State. *Parmelee* v. *Savannah, Florida & Western Ry.,* 78 *Ga.* 239 (2 S. E. 686); *Chamlee Lumber Co.* v. *Crichton,* 136 *Ga.* 391 (71 S. E. 673); *Porter* v. *Liberty Mutual Ins. Co.,* 46 *Ga. App.* 86 (166 S. E. 675); *Bussey* v. *Bishop,* 169 *Ga.* 251 (150 S. E. 78, 67 A. L. R. 287); *Atlantic Log & Export Co.* v. *Cent. 1 of Ga. Ry. Co.,* 171 *Ga.* 175 (155 S. E. 525); *Kwilecki* v. *Young,* 180 *Ga.* 602 (180 S. E. 137). If the act under consideration created a right of action for the first time, and provided for a limitation on the action as to time with respect to those to whom the right of action was for the first time being given, then under the general rule above stated the time limit would be construed to be a condition on the right of action, and not a statute of limitation. Here, however, the right of action given to the obligee in

the bond existed before the act was passed, and would exist without the authority conferred by the statute. The new right of action is given to the parties who are not parties to the bond; but the limitation of time on the action applies to the obligee, a party to the bond, as well as to the other parties who are for the first time authorized to sue. As to the obligee the limit of time, under the general rule, is a statute of limitations, and since the legislature made no distinction between the different parties involved, it will be presumed that it intended the provision to be a statute of limitations as to all actions under the bond. Under the general rule the statute could not apply alike to all parties if it were construed to be a condition on the right of action. In the absence of any intention to that effect it will not be presumed that the legislature intended the words fixing the time limit to have a double meaning. This conclusion is supported by the cases of Kansas City Hydraulic Press Brick Co. *v.* National Surety Co., 167 Fed. 496, and s. c., 149 Fed. 507, though not altogether on the same reasoning. While alone not controlling as to legislative intent, the fact that the limit as to time of bringing suit was not provided for in the section of the act which created the cause of action, as to some of the parties therein named, and the fact that the provision was placed in a separately numbered paragraph and headed, "Limit of time to bring action," and was similarly headed and separately codified, indicates that our construction is correct. The statute discussed in United States ex rel. Texas Portland Cement Co. *v.* McCord, 233 U. S. 157 (34 Sup. Ct. 550, 58 L. ed. 893), provides a time limit solely for the parties for whom a new right of action is created therein. It does not provide a time limit for the United States, the obligee in the bonds, nor does it attempt to give such obligee a right of action. The same is true of Fleisher Eng. &c. Co. *v.* U. S., 311 U. S. 15 (61 Sup. Ct. 81, 85 L. ed. 12). Therefore we conclude that the time limit in the act here involved is a limitation provision, and not a condition on the right of action; that a renewal action within six months from the dismissal of the original action is within time; and that the court erred in sustaining the demurrer to the renewal action, and in dismissing it as to the surety company. *Judgment reversed. Parker, J., concurs.*

SUTTON, P. J., dissenting. This was a suit by one furnishing material and labor against the principal and surety on a road-

contractor's bond, which was executed pursuant to the provisions of the Act of 1916 (Ga. L. 1916, pp. 94 et seq.; Code, §§ 23-1705 to 23-1709). The present suit, which was intended to be a renewal of a former suit, was filed after the expiration of one year from the completion of the contract and acceptance of the work, and the question for determination is whether or not the suit is barred by the terms of the statute, the plaintiff's right to institute the suit at the time it was filed having been challenged by a demurrer filed by the surety on the bond. Under the act of 1916, supra, the road contractor was required to give a bond, and this statute gave to the plaintiff, who furnished labor and material, a right of action against the contractor and surety on the bond, subject to the provisions and limitations contained in the act. Whatever right the plaintiff had to bring and maintain the present action was given to him by the act of the legislature now under consideration, and he is shut in by the terms and limitations of that act. The act requiring the bond provides: "No action can be instituted on said bond after one year from the completion of the said contract and the acceptance of said public building or public work by the proper public authorities." Code, § 23-1709. The plaintiff contends that this provision of the act is a statute of limitations, and under its terms the present suit, which was instituted within six months from the dismissal of the former suit, is not barred. The surety company contends that the provision is a limitation on the action, and that the suit is barred, since it was not brought until after the expiration of the one-year limitation period named in the statute. I am of the opinion that the surety company is right in its contention in this respect, and that the trial judge properly sustained the demurrer and dismissed the action against the surety company. The plaintiff's right to bring the action was created and given to him by the act under consideration, and the same act definitely limits the time in which such action can be instituted. This, as I understand the law, makes it a limitation on the action, instead of its being a statute of limitation. "A statute of limitations should be differentiated from conditions which are annexed to a right of action created by statute. A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations.

It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right. Such a provision will control, no matter in what form the action is brought. The statute is an offer of an action on condition that it be commenced within the specified time. If the offer is not accepted in the only way in which it can be accepted, by a commencement of the action within the specified time, the action and the right of action no longer exist, and the defendant is exempt from liability." 34 Am. Jur. 16, § 7. "A wide distinction exists between pure statutes of limitation and special statutory limitations qualifying a given right. In the latter instance time is made an essence of the right created and the limitation is an inherent part of the statute or agreement out of which the right in question arises, so that there is no right of action whatever independent of the limitation. A lapse of the statutory period operates, therefore, to extinguish the right altogether." 37 C. J. 686, § 5 (E). "Where by statute a right of action is given which did not exist by the common law, and the statute giving the right fixes the time within which the right may be enforced, the time so fixed becomes, a limitation or condition on such right, and will control, no matter in what forum the action is brought." 37 C. J. 732, § 51 (b). The Supreme Court of the United States in dealing with a Federal statute similar to the Georgia statute here involved, ruled: "By this statute a right of action upon the bond is created in favor of certain creditors of the contractor. The cause of action did not exist before and is the creature of the statute. The act does not place a limitation upon a cause of action theretofore existing, but creates a new one upon the terms named in the statute. The statute thus creates a new liability and gives a special remedy for it, and upon well-settled principles the limitations upon such liability become a part of the right conferred and compliance with them is made essential to the assertion and benefit of the liability itself." See United States ex rel. Texas Portland Cement Company *v.* McCord, and Fleisher Engineering & Construction Co. *v.* United States (supra).

The Supreme Court of this State and this court in dealing with statutes which create and give a right of action and which also fix

the time in which the right may be enforced have held that it is a condition precedent that the action be commenced within the time specified in the statute; and where such an action is not commenced within the time required by the statute, the lapse of the time limit not only bars the remedy but destroys the liability. The right of renewal within six months after the dismissal of one suit, though more than twelve months from the time the right of action accrues, does not exist under such statute. See *Parmelee* v. *Savannah, F. & W. Ry., Chamlee Lumber Co.* v. *Crichton, Bussey* v. *Bishop, Atlantic Log & Export Co.* v. *Central of Georgia R. Co., Kwilecki* v. *Young, Porter* v. *Liberty Mutual Ins. Co.,* supra, and *Hicks* v. *Standard Accident Ins. Co., 52 Ga. App.* 828 (184 S. E. 808). Therefore, I think the judgment of the trial judge sustaining the demurrer of the surety on the bond should be affirmed.