CHARLES I. KANE, Plaintiff, *v.* JAMES GUTMANN, Defendant.

Supreme Court, Special Term, New York County, May 17, 1949.

*Joseph Schwartzman* for plaintiff.

*Hays, Wolf, Schwabacher, Sklar & Epstein* for defendant.

PECORA, J. Defendant moves to dismiss so much of the complaint as is based upon overpayments of rent to defendant made more than one year prior to February 16, 1949, the date of the institution of this action, upon the ground that recovery is barred as to payments made before that date by the one-year Statute of Limitations contained in the Federal rent control laws. In opposition plaintiff claims that the Statute of Limitations did not begin to run until a duty to refund the overcharges was breached or until the date of the last violation, which was in May, 1948.

I have carefully read the cases relied upon by plaintiff to sustain his argument and it is my opinion that such cases do not govern the instant case for the reason that the facts of said cases are completely different from those of this one. Defendant relies mainly on the case of *Woods* v. *Stone* (333 U. S. 472) to support his contention. In that case the landlord had never before rented out his accommodations. He rented the premises in question to the tenant at a rental of $75 per month. This being a first rental, the law required him to register the rental within thirty days, but he did not do so. Thereafter, the Area Rent Director discovered this failure to comply with the rent regulations and, in accordance with such regulations, investigated the matter and reduced the rental from $75 to $45 effective from the

first rental and ordered the landlord to refund the excess within thirty days. This was not done and the Price Administrator sued for treble damages under the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 *et seq.,* as amd.). The court held in that case in substance: that in such a case the one-year statute does not begin to run until the failure of the landlord to comply with the refund order. The theory of the court was that the refund order fixed the maximum legal rent for the premises involved and therefore until such order was issued and not complied with, there was no violation and, necessarily, no cause of action. This is clearly shown in the court's opinion when it states on pages 476–477: " The statute and regulations made his rentals tentative but not unlawful. Until the contingency of readjustment occurred, the tenant could have had no cause of action for recovery of any part of the rental exacted by the landlord. \* \* \* The duty to refund was created and measured by the refund order and was not breached until that order was disobeyed." In that case the method used to fix the maximum rent was therefore the order of refund.

This case is readily distinguishable. The conceded facts are that this was not a first renting of the accommodations in question. The premises had been registered on April 6, 1945, with the Federal rent office at $200 per month. That registration, by operation of law, automatically fixed the maximum legal rent chargeable by defendant, at that amount. There was no further act necessary to fix the legal rent for those premises, since that procedure was a method of fixing the legal rent, provided for by the rent laws, separate and apart from that followed in the *Stone* case (*supra*). From the date of that registration the landlord was forbidden to demand, accept or receive a rent in excess of $200. The moment he accepted the excessive rent, he committed a violation which gave the tenant an immediate right to invoke the penalties provided for under subdivision (e) of section 205 of the 1942 Act (U. S. Code, tit. 50, Appendix, § 925).

Acceptance of excessive rent in the succeeding months gave rise to separate violations in each month. No order of refund was required to entitle plaintiff to sue. It therefore became necessary to institute his action within one year after the first payment in excess of the registered rental, so as to keep intact his right to damages based upon all overcharges, within the restrictions of the statute. This plaintiff failed to do.

Plaintiff makes a second contention in an effort to sustain his whole cause of action. It is urged that the language of the Housing and Rent Act of 1947 (contained in U. S. Code, tit. 50,

Appendix, § 1895), to the effect that all violations alleged in the action, which were committed by defendant prior to the bringing of such action, shall be deemed one violation, means that all prior overcharges are in effect incorporated into the last violation alleged, so as to make them one violation as of the date of the last of them. Therefore, it is urged that the statute did not begin to run until the date of the last violation. I cannot agree with that claim. The whole of the pertinent section must be read together to get the true intent thereof. In my opinion the import of the part of the section referred to is that all separate violations which occurred within the one-year period prior to the institution of the action for treble damages must be included in the action as one violation, in order to obviate the necessity of a multiplicity of suits. However, it does not permit the inclusion, in such an action, of any violations which occurred more than one year prior to the institution of the action.

The Statute of Limitations therefore began to run from the date of the first overpayment and separately for each succeeding overpayment on the date each was made. The plaintiff may thus only recover under the statute for all overcharges paid within the period of one year prior to the date of the institution of this action, which was on February 16, 1949 (*Sison* v. *Filldor Realty Corp.*, 275 App. Div. 677; *Wichard* v. *Rubin*, 187 Misc. 484; *Citrone* v. *Palladino*, 77 N. Y. S. 2d 489). It therefore necessarily follows that plaintiff is barred from asserting any claim for overcharges paid prior to February 16, 1948.

The motion is accordingly granted. Settle order.