### 33192. GULDEN v. BERMAN.

DECIDED OCTOBER 28, 1950.

*Sidney Parks,* for plaintiff in error.
*Charles W. Bergman,* contra.

FELTON, J. ■ Ground one of the defendant's amended motion for a new trial assigns as error the court's direction of a verdict for overcharges dating from May 1, 1948, through August 4, 1949. The defendant contends that sec. 205 of the Housing and Rent Act of 1947, as amended, limits all actions under the act for overcharges to those occurring during the one-year period immediately preceding the bringing of the action. The defendant's contention is a correct one. Section 205 of the act reads in part: "Suit to recover such amount may be brought in any Federal, State or Territorial court of competent jurisdiction within one year after the date of such violation." "A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time with-

in which that action may be commenced, is not a statute of limitation. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits." 34 Am. Jur. 16, par. 7. This is the rule in Georgia. *Bryant* v. *Whitley*, 70 *Ga. App.* 865 (29 S. E. 2d, 648), and cit.; *Whitley* v. *Bryant*, 198 *Ga.* 328 (31 S. E. 2d, 701). Section 205 of the Housing and Rent Act of 1947, as amended, is such a statute. Berry *v.* Hiller, 79 Fed. Supp. 476 (2); Citrone *v.* Palladino, 77 N.Y. Supp. 2d, 489. In order to avail himself of the benefit of the one-year provision of the statute, it is not necessary for the defendant to plead such provision as a defense. It being an "indispensable condition of the liability," it is incumbent upon the plaintiff to show that the action was brought within the time limit set in the statute. The suit in the instant case being filed September 27, 1949, recovery under the suit is restricted to overcharges made during the year September 27, 1948, to September 27, 1949. To direct a verdict for overcharges occurring prior to September 27, 1948, was error.

■ Ground two of the amended motion assigns as error the court's direction of a verdict for triple the amount of the overcharges contending that there was sufficient evidence introduced by the defendant that would have authorized a jury to find that the overcharge was neither wilful nor the result of failure to take practical precautions against the occurrence of the alleged violation. We think the defendant failed to prove that the overcharges were not the result of failure to take practical precautions. The defendant testified: "I thought that the amount of rent was charged in good faith. As to whether I was familiar with the registration of the apartment, we were told that if we made improvements we would be allowed to charge more. Then, I heard that the O.P.A. had allowed several increases and I felt that it would be fair. As to whether I tried to get an increase in 1946, that was before the improvements. That was when we were told that if we made improvements we would be allowed an increase. I know that in 1949 the O.P.A. did give us an increase. This is my signature on this paper. As to whether on April 9, 1946, I asked that the rent be raised to more than $48.50 per month, that was the rent that was allowed without improve-

ments, but we were told that if we made improvements we could apply for another increase, which we finally did. In 1946 I applied for an increase and it was refused. I made application while the Bermans were living there. . . We thought $60 would be a fair rental. I never did file an application with the O.P.A. to get that increase. I just made that increase myself. When I made the contract I did not know that the registration was $48.50, because I felt that the O.P.A. had made certain percentages of increase, for improvements, I would be allowed to make an increase. . . I felt that if we were having a lease, it was the legal way; that it was fair, according to what I had heard to increase the rent. I did not go to the O.P.A. office. My husband tried to take care of these negotiations. . . I left it to my husband." The defendant's husband testified: "I guess it is true that we filed an application in 1946 and were informed that the rent was $48.50 effective May 17, 1946. I do not remember whether we made an application to the Housing Authority on behalf of my wife for an increase in rent between May 17, 1946, and May 1, 1948. I do not believe that after this lease was executed by me on behalf of my wife I made an application with the Housing Authority to approve this lease." This testimony clearly shows that the defendant was familiar with the procedure for acquiring a rental increase and had made several applications for increases on prior occasions. The evidence shows that the defendant failed to take practical precautions to avoid an overcharge.

■ The defendant contends that there was not sufficient evidence to authorize the jury to return a verdict for the plaintiff for the amount expended by him for repairs and redecorations. This contention is correct. The lease entered into between the plaintiff and the defendant recited: "The lessor is not to be called upon to make any repairs or improvements." The plaintiff contends that this provision was of no effect as the order of the Area Rent Office covering the premises at the time of the execution of the lease required the landlord to make all necessary repairs to the rented premises. The testimony of Douglas M. Goldsimth, rent examiner and consultant of the Atlanta Rent Area Office, was confusing as to what rental order was in effect and as to whether or not the defendant landlord was to make

repairs under an order of the Area Rent Office. The order of the Area Rent Office to the defendant introduced into evidence as Exhibit C was silent as to who was to make repairs to the premises. In view of the lease between the parties wherein it was stated that the landlord would not be called upon to make repairs, the plaintiff failed to prove that the landlord was required to furnish repairs. The jury was not authorized to return a verdict for the plaintiff for repairs and decorations made by him.

■ The other grounds of the amended motion for a new trial are not argued or insisted upon by the plaintiff in error and are treated as abandoned.

The court erred in overruling the motion for a new trial.

The judgment is affirmed upon condition that the plaintiff write off all recovery, except that for triple the amount of overcharges made during the year September 27, 1948, to September 27, 1949 and the attorney's fees, within 10 days after receipt of remittitur in this case by the lower court, otherwise the judgment stands reversed.

*Judgment affirmed on condition. Sutton, C.J., and Worrill, J., concur.*