Minnie Kravitz, Landlord, *v.* Sam Nankin, Tenant.

Municipal Court of the City of New York, Borough of The Bronx, June 15, 1951.

*Sidney S. Hodes* and *Abraham Yasgour* for landlord.

*Harry Cohen* for tenant.

Bennett, J. In this summary proceeding for nonpayment of rent in the sum of $36 for the month of April, 1951, the tenant asserts a counterclaim of $1,200, predicated on three separate causes of action.

The first cause of action is to recover alleged overcharges in rent in excess of the maximum rent as provided in the Federal and State statutes and regulations. The second cause of action is for the recovery of money had and received under an alleged quasi-contractual obligation to make restitution of said excess payments and the third cause of action is based on a claim for

damages for fraud and deceit in connection with the collection of said excess rents.

The evidence discloses that the tenant took possession of the premises involved in September, 1943, pursuant to a written lease dated and commencing September 1, 1943, and expiring August 31, 1944, at a rental of $40 per month. It is conceded that the tenant is presently a statutory tenant and the maximum rent was and is $40 per month, although the testimony establishes that on September 1, 1947, the tenant and the landlord entered into a voluntary agreement for an increase of rent to $46 per month and the tenant has continued to pay said sum of $46 monthly up to and including the month of March, 1951.

These proceedings were instituted on the 23d day of April, 1951, and the tenant's counterclaim was brought into litigation by its assertion in the tenant's answer which was served on April 25, 1951.

The right to the recovery of damages for overcharges of rent is wholly the creature of the emergency rent control statutes. No such right existed at common law. (See Emergency Price Control Act of 1942, § 205, subd. [e], approved Jan. 10, 1942, U. S. Code, tit. 50, Appendix, § 925, subd. [e], which was superseded by the Housing and Rent Act of 1947 as amended, U. S. Code, tit. 50, Appendix, § 1881 *et seq.*) The Housing and Rent Act of 1947 was in turn superseded on May 1, 1950, by the Residential Rent Law of the State of New York. (L. 1946, ch. 274, as amd. by L. 1950, ch. 250.)

All of the foregoing statutes, creating and continuing the right to the recovery of excess payments of rent contained the proviso that any action to recover such excess payments must be commenced within one year from the date of such payments.

It therefore follows that insofar as any recovery is sought for any period earlier than one year prior to April 1, 1951, the counterclaim must be dismissed. (*Citrone* v. *Palladino,* 77 N. Y. S. 2d 489; *Paray Realty Corp.* v. *Goodwine,* 194 Misc. 538; *Kane* v. *Gutmann,* 196 Misc. 331; *Castillo* v. *Spilnyk,* 195 Misc. 386.) In *R. & B. Realty Corp.* v. *Plummer* (100 N. Y. S. 2d 313) the Appellate Term of the Supreme Court, first department, held as follows (p. 314): " Generally where a statute creates a cause of action unknown at common law the filing of the complaint within the prescribed period is a condition precedent to recovery and the cause of action is extinguished after running of the period. Osbourne v. United States of America, et al., 2 Cir., 164 F. 2d 767; Citrone v. Palladino, Sup., 77 N. Y. S. 2d 489.''

The contention asserted in the second cause of action is likewise untenable. The argument that the action is actually one for money had and received and therefore comes within the purview of the six-year Statute of Limitations, is fallacious. (*Gladstone* v. *Minkin*, N. Y. L. J., Dec. 7, 1950, p. 1492, col. 6.)

As to the third cause of action, labeling the same as an action for fraud and deceit is of no avail for the similar purpose of extending the Statute of Limitations beyond the statutory period of one year. In the case of *Kogan* v. *St. Peter* (N. Y. L. J., Jan. 23, 1951, p. 278, col. 4) it was held by Justice RIVERS as follows: '' It does not seem to me that the statutory period of limitations may be in effect extended by pleading or proving misrepresentations as to what constitutes the alleged lawful rent. The gravamen of the plaintiff's cause of action is the alleged overcharges and the statute, section 205 of the Rent Act of 1947, created a cause of action * * *, provided such action be brought within one year from the date of such overpayment. It did not create a cause of action in fraud, and plaintiff derived no common law rights from the statute ''.

The contention of the tenant that he was practically evicted from the premises by being deprived of the sole use of the bathroom is likewise untenable. The credible evidence satisfactorily establishes that the bathroom facilities were shared in common with the landlord ever since the inception of the tenancy.

The tenant however is entitled to collect the overcharge of $66 during the current year, plus $75 allowance for counsel fees. Treble damages are not allowed as the court is convinced that the violation was not willful. Against the aforesaid sum of $141, the landlord may offset the sum of $40, the emergency rent for the month of April, 1951. Settle final order accordingly granting judgment to tenant for $101. Five days' stay of execution from date of entry of final order.