## HART v. LEIHY.
### No. 8221.

United States District Court
W. D. Missouri, W. D.

July 22, 1954.

Thomas A. Sweeney, Kansas City, Mo., for plaintiff.

I. Frank Rope and Arnold N. Shanberg, Kansas City, Mo., for defendant.

WHITTAKER, District Judge.

This is an action under the National Housing and Rent Act[1], and more particularly under Section 1895 of that Act, by a tenant to recover damages in treble the amount of excessive rents claimed to have been paid to and received and retained by the defendant-landlord for the use and occupancy of a "controlled housing accommodation", in Kansas City, during a period "beginning in March of 1952 and continuing until and including March of 1953", and for reasonable attorney's fees and costs.

The matter is now before me upon plaintiff's motion for summary judgment, under Rule 56, 28 U.S.C.A., and upon the complaint, the answer, and defendant's answers to plaintiff's requests for admissions, made under Rule 36, and defendant's answers to plaintiff's interrogatories, made under Rule 33, and an affidavit.

From this material I find there is no genuine issue as to the following material facts: The residence unit involved was, in the period with which we are concerned, a "controlled housing accommodation" within the meaning of the act,

---

1. Section 1881 et seq., Title 50, U.S.C.A.Appendix.

and was occupied by plaintiff, as a tenant of defendant, from about March 1, 1952, until March 31, 1953, during which time the plaintiff paid rents to the defendant therefor at the rate of $60 per month, which the defendant received and has retained; that the maximum permissible rent for the unit during said period was $35 per month [2], and, therefore, defendant has accepted, received and retained more than the permissible rents, to the extent of $25 per month, in the period from March 1, 1952 to March 31, 1953.

If this were an action, or a motion for summary judgment, simply for the recovery of the excess rents paid, it would follow, from the foregoing admitted facts, that plaintiff would be entitled to a summary judgment [3], but only for the excess rents which were paid by him to the defendant within one year preceding the institution of this suit, which was on April 30, 1953 [4].

But this action seeks more than recovery of the excess rents paid. It seeks treble those excess rents. Subsection (a) of Section 1895, Title 50 U.S.C. A.Appendix, provides that the damages "shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation." Defendant, in his answer, sets up matter which, if proved, would entitle a jury to find that the overcharges were neither willful nor the result of failure to take proper precautions, and, therefore, I cannot, on this motion for summary judgment, award treble rents to the plaintiff.

Moreover, there is no showing before me of the dates of the several payments of monthly rents and, hence, I am unable to determine, upon the admissions now before me, the exact number of monthly rental payments actually made or—for that reason—the true aggregate amount of the excess rents paid by the plaintiff to, and received and retained by, the defendant, within the one year preceding the institution of this suit. The admission that rents at the rate of $60 per month were paid to and retained by defendant for the period of March 1, 1952 to March 31, 1953, does not establish the dates of the payments, nor, hence, the dates of the several "Violations". For example, the rents for March and for April, 1952, may or may not have been paid prior to April 30, 1952 (one year prior to the institution of this suit). If not, they are barred, because each receipt and retention by defendant of excessive rents constitutes a "Violation" [5], and, because the limitation of Section 1895(c), Title 50 U.S.C.A.Appendix, is upon the right itself [6], plaintiff must show that his action upon that particular violation was instituted within one year from its commission, for otherwise it stands barred [7], even though, as here, it is not pleaded as an affirmative defense [8].

---

2. Defendant, in admission 4, said he could not "truthfully admit the truth of said statement", and, again, in answer to interrogatory 16, he said that he "was advised by the previous owner" that $60 per month was the maximum legal rent for the unit, but upon motion of plaintiff to compel a more direct and complete answer to interrogatory 16, which the Court sustained, he answered that "Defendant is informed that the maximum legal rent on said dwelling was $35 per month, but has had no recourse to the official records reflecting the same." From this, I think it is clear there is no genuine issue about the fact that the prescribed rent for this unit, during the period here involved, was $35 per month.

3. United States v. Pinkston, D.C.W.D.Ky., 1949, 85 F.Supp. 516.

4. Section 1895(c), Title 50 U.S.C.A.Appendix.

5. Magnotta v. Leonard, D.C.Pa., 1952, 102 F.Supp. 593; Berry v. Heller, D.C.Pa., 1948, 79 F.Supp. 476; Kane v. Gutmann, 196 Misc. 331, 91 N.Y.S.2d 184.

6. Leimer v. Woods, 8 Cir., 1952, 196 F. 2d 828.

7. Gulden v. Berman, 82 Ga.App. 580, 61 S.E.2d 692.

8. Young v. Margiotta, 136 Conn. 429, 71 A.2d 924; Gulden v. Berman, supra; East 7th Street Realty Co. v. Damm, 196 Misc. 920, 96 N.Y.S.2d 118.

Also, plaintiff asks a reasonable attorney's fee, but there is neither admission nor evidence before me as to what would be a reasonable attorney's fee in these circumstances.

For these reasons the case cannot be fully concluded on the present motion for summary judgment but must remain for trial of the issues hereby left open, and plaintiff's motion for summary judgment should be, and it is hereby, denied.