**Cynthia B. GORIN, Plaintiff-Appellant,**

v.

**Elton S. OSBORNE, Jr., M.D., et al., Defendants-Appellees.**

No. 84–8366.

United States Court of Appeals, Eleventh Circuit.

March 29, 1985.

---

Frank E. Specht, Atlanta, Ga., for plaintiff-appellant.

Irma B. Glover, Marietta, Ga., Patricia Downing, Asst. Atty. Gen., Atlanta, Ga., for defendants-appellees.

Before JOHNSON and HATCHETT, Circuit Judges, and LYNNE *, District Judge.

LYNNE, District Judge:

Only one issue presented in this appeal merits discussion—namely, whether a prior state court affirmance of a state administrative ruling is entitled to res judicata and collateral estoppel effect in a subsequent federal civil rights action brought pursuant to 42 U.S.C. § 1983, notwithstanding the fact that the state court's review was limited to a determination of whether there was "any evidence" in the record sufficient to support the factual findings of the administrative tribunal. The court below found that the plaintiff's § 1983 claims were precluded under the doctrines of res judicata and collateral estoppel, and therefore granted the defendant's motion for summary judgment as to those claims. We agree with the decision of the court below, and accordingly affirm.

The facts may be briefly stated. In May, 1980, plaintiff-appellant Cynthia B. Gorin was notified by her supervisors that she was being discharged from her position as a service coordinator of the Cobb-Douglas Mental Health/Mental Retardation Center, an agency operated by the Cobb County (Georgia) Board of Health. Plaintiff protested her discharge by filing a complaint with the State Personnel Board, which held a hearing on the complaint on June 5 and June 6, 1980. Before the conclusion of the hearing, however, plaintiff and her supervisors entered into a settlement agreement which provided for reinstatement subject to certain conditions and deadlines. Pursuant to this agreement, plaintiff returned to work on June 9, 1980. Her return to work was short-lived, however, for she received a new notice of discharge effective July 24. Again, plaintiff filed a complaint with the State Personnel Board to protest the discharge. Following a full adversarial hearing, in which the parties were represented by counsel and had the opportunity to present and cross-examine witnesses, the hearing officer found that plaintiff had been "negligent or inefficient in performance of duties and in failure to comply with some of the terms of a previously agreed settlement." He expressly based these findings of fact on "the preponderance of the evidence" presented to him. On appeal, the decision was affirmed by the

* Honorable Seybourn H. Lynne, U.S. District Judge for the Northern District of Alabama, sitting by designation.

State Personnel Board. Alleging that her termination was motivated by caprice and malice and that she had been deprived of her "property right. to her employment," plaintiff filed an appeal in the Cobb County Superior Court. Applying the "any evidence" standard of review for administrative findings of fact enunciated in *Hall v. Ault,* 240 Ga. 585, 242 S.E.2d 101 (1978),[1] the court affirmed the Board's decision and upheld the termination. A further appeal to the Georgia Court of Appeals was voluntarily dismissed.

Obviously unsatisfied with the results of these proceedings, plaintiff decided to try a new avenue of attack to relitigate her discharge. In June of 1982, plaintiff filed this § 1983 action, alleging that her termination was in violation of due process and her rights to equal protection. The remedy sought was reinstatement with back pay. Plaintiff also sought damages from certain of the defendants for tortious interference with her performance of the terms of the settlement agreement previously reached between the parties. On the defendant's motions for summary judgment, the district court held that plaintiff's § 1983 claim was barred by the earlier proceedings before the State Personnel Board and the state courts under the doctrines of res judicata and collateral estoppel.

We conclude that the district court's ruling was entirely correct.[2] *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), a case quite similar to the one *sub judice,* is the controlling precedent. *Kremer* involved a Title VII claim that was alleged to be precluded by prior state administrative and judicial proceedings. A state administrative agency had summarily dismissed Kremer's employment discrimination claims, and the Appellate Division of the New York Supreme Court had affirmed. Subsequently, Kremer filed a Title VII suit in federal district court. On writ of certiorari, the Supreme Court affirmed the rulings of the district court and the Court of Appeals for the Second Circuit and held that Kremer's Title VII claims were precluded by the prior state proceedings. In so doing, the Court held that under 28 U.S.C. § 1738,[3] federal courts must give preclusive effect to the judgment of a state

---

1. Georgia law provides that a party aggrieved by a decision of the State Personnel Board may appeal to Superior Court. O.C.G.A. § 45–20–9(h). The scope of review of a Personnel Board decision by a superior court is defined by statute as follows:

   "The review shall be conducted by the court without a jury and shall be confined to the record. *The court shall not substitute its judgment for that of the board as to the weight of the evidence on questions of fact.* The court may affirm the decision or order of the board or remand the case for further proceedings. The court may reverse the decision or order of the board if substantial rights of the petitioner have been prejudiced because the board's findings, interferences, conclusions, decisions, or orders are:

   (1) In violation of constitutional or statutory provisions;
   (2) In excess of the statutory authority of the board;
   (3) Made upon unlawful procedure;
   (4) *Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;* or
   (5) Arbitrary, capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

O.C.G.A. § 45–20–9(m) (emphasis supplied). In *Hall v. Ault,* the Georgia Supreme Court held that this "statute prevents a *de novo* determination of evidentiary questions, leaving only a determination of whether the facts found by the board are supported by 'any evidence'." 242 S.E.2d at 102 (emphasis supplied). It is important to note that the "any evidence" standard of review applies only to the administrative board's findings of fact. The board's conclusions of law remain subject to plenary review.

2. We note that another panel of this Circuit has recently reached the same conclusion in an almost identical context. *Howkins v. Caldwell,* 749 F.2d 731 (11th Cir.1984) (affirming without opinion a district court judgment dismissing appellant's § 1983 claims as precluded by a state judicial affirmance of proceedings before the Georgia State Personnel Board). That decision, which involved the same "any evidence" standard attacked here, is binding upon this panel.

3. 28 U.S.C. § 1738 provides that "[t]he ... judicial proceedings of any court of any such State ... shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State...."

court whenever the courts of the state from which the judgment emerged would do so, provided that the litigants had a "full and fair opportunity" to litigate their claims and the prior state proceedings satisfied "the applicable requirements of due process." *Kremer*, 456 U.S. at 480–482, 102 S.Ct. at 1896–1897. Moreover, the Court in *Kremer* made clear that where these prerequisites are satisfied,

> [i]t is well established that judicial affirmance of an administrative determination is entitled to preclusive effect.... There is no requirement that judicial review must proceed *de novo* if it is to be preclusive.

456 U.S. at 480–81, n. 21, 102 S.Ct. at 1896–97, n. 21. Thus, the *Kremer* Court held that the judicial affirmance by the Appellate Division of the New York Supreme Court was entitled to preclusive effect even though the underlying agency ruling was a summary dismissal without a formal hearing, and even though the reviewing court found only that the agency ruling was not "arbitrary and capricious." 456 U.S. at 484.

We believe that the *Kremer* case is squarely applicable here. It is clear that Georgia courts would accord preclusive effect to the decision of an administrative tribunal as affirmed by the Superior Court. *See Woods v. Delta Air Lines, Inc.*, 237 Ga. 332, 227 S.E.2d 376 (1976) (doctrines of res judicata and estoppel by judgment are applicable to awards of the State Board of Workmen's Compensation on all questions of fact in matters in which it has jurisdiction); *Seaboard Fire & Marine Ins. Co. v. Smith*, 146 Ga.App. 893, 247 S.E.2d 607 (1978) (an award of the State Board of Workmen's Compensation, unappealed from or affirmed on appeal, is res judicata). *Accord, Hicks v. Standard Accident Ins. Co.*, 52 Ga.App. 828, 184 S.E. 808 (1936). Therefore, the district court was bound by statute to accord preclusive effect to the prior state proceedings, *see* 28 U.S.C. § 1738, so long as the prior state proceedings provided the plaintiff with a full and fair opportunity to litigate her claims and satisfied the applicable requirements of due process. *Kremer*, 456 U.S. at 482, 102 S.Ct. at 1897. The fact that this action is brought pursuant to 42 U.S.C. § 1983, whereas *Kremer* involved an action brought pursuant to Title VII, is not a material distinction. The Supreme Court has made it abundantly clear that "nothing in the language of § 1983 remotely expresses any congressional intent to contravene the common-law rules of preclusion or to repeal the express statutory requirements of the predecessor of 28 U.S.C. § 1738." *Allen v. McCurry*, 449 U.S. 90, 97–98, 101 S.Ct. 411, 416–417, 66 L.Ed.2d 308 (1980). *Accord, Migra v. Warren City School District Bd. of Education*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56, 64 (1984). Thus, the principles enunciated in *Kremer* apply with equal force here.

In the present case, appellant claims that the standard of review applied by the state court in reviewing the administrative board's findings of fact was so narrow and deferential that the state proceedings failed to satisfy due process. Therefore, she argues, the state judicial affirmance of the administrative result is not entitled to preclusive effect under *Kremer*.[4] This contention is without merit. We are satisfied that Ms. Gorin had a full and fair opportunity to litigate her claims in the prior state proceedings, and that the "panoply of procedures" offered Ms. Gorin at the administrative level, "complemented by administrative as well as judicial review, is sufficient under the due process clause." *Cf. Kremer*, 456 U.S. at 484, 102 S.Ct. at 1899. Nor is *Kremer* distinguishable from the case at hand in terms of the standards of judicial review applied in the two cases. The *Kremer* decision specifies no minimum level of judicial review as a prerequisite to

---

**4.** The appellant apparently concedes that if the prior state proceedings are entitled to preclusive effect under *Kremer* and 28 U.S.C. § 1738, her present claims will be precluded under the traditional doctrines of res judicata and collateral estoppel as recognized by Georgia law. *Cf. Southern Jam, Inc. v. Robinson*, 675 F.2d 94, 96, 98 (5th Cir.1982); *Smith v. Wood*, 115 Ga.App. 265, 266–67, 154 S.E.2d 646 (1967).

the preclusivity of a judicial affirmance of state administrative rulings. Indeed, the *Kremer* Court emphasized that "when a complainant has had a full opportunity to present his evidence and exhibits" before the administrative tribunal—as Ms. Gorin clearly did—then even judicial review confined to a determination of whether there was a "rational basis in the record" for the agency decision would constitute a "decision on the merits" and would be entitled to preclusive effect under 28 U.S.C. § 1738. 456 U.S. at 480–81, n. 21 (discussion of *State Div. of Human Rights v. New York State Drug Abuse Commission,* 59 App. Div.2d 332, 336, 399 N.Y.S.2d 541, 544 (1977)). *Accord, Unger v. Consolidated Foods Corp.,* 693 F.2d 703, 706 (7th Cir. 1982), *cert. denied* 460 U.S. 1102, 103 S.Ct. 1801, 76 L.Ed.2d 366 (1982). *See also Frazier v. East Baton Rouge Parish School Board,* 363 F.2d 861, 862 (5th Cir.1966) ("[i]f state administrative action is first challenged in the state court, and the state court acts judicially, the state court decision is res judicata and bars a decision by a federal court" in a subsequent § 1983 action based upon the same actionable events); *Burney v. Polk Community College,* 728 F.2d 1374, 1380 (11th Cir.1984) (state judicial affirmance of administrative order entitled to preclusive effect in subsequent Title VII action in federal court). We discern no material difference between the standards of judicial review sanctioned in *Kremer* and the "any evidence" standard applied here, and no due process violation deriving from the standard of review applied by the state court in this case. *Cf. Ortwein v. Schwab,* 410 U.S. 656, 660, 93 S.Ct. 1172, 1174, 35 L.Ed.2d 572 (1973) (due process does not require a state to provide *any* appellate review of administrative rulings). Since the appellant has not questioned the quality, extensiveness, or fairness of the prior state proceedings in any other respect, we must conclude that the court below was correct in ruling that plaintiff's § 1983 claims were precluded.[5]

In this and all other respects, the decision of the court below is hereby AFFIRMED.

---

5. Because we find that the state judicial affirmance of the administrative ruling is entitled to preclusive effect under 28 U.S.C. § 1738, we need not reach the more basic question of whether the administrative decision itself would be entitled to preclusive effect in a subsequent § 1983 action, regardless of whether the administrative decision was subjected to judicial review. While the concept of "administrative preclusion" has received a *general endorsement* from the Supreme Court, *see United States v. Utah Construction & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966), and *Kremer v. Chemical Construction Corp.,* 456 U.S. at 484 n. 26, 102 S.Ct. at 1899 n. 26, and has been sanctioned in other contexts in prior cases from this Circuit and the old Fifth Circuit, *see Painters District Council No. 38 v. Edgewood Contracting Co.,* 416 F.2d 1081 (5th Cir.1969), *Board of Trustees, Container Mechanics Welfare/Pension Fund v. Universal Enterprises, Inc.,* 751 F.2d 1177 (11th Cir.1985), there is a continuing controversy among the lower federal courts as to whether unreviewed state administrative decisions are entitled to preclusive effect in the context of a subsequent § 1983 action. *Compare Moore v. Bonner,* 695 F.2d 799 (4th Cir. 1982) (unreviewed state administrative decisions not entitled to preclusive effect in subsequent federal court actions under 42 U.S.C. §§ 1981, 1983 and 1985), *with Gear v. City of Des Moines,* 514 F.Supp. 1218 (S.D.Iowa 1981) (administrative preclusion applicable to § 1983 claim where state agency acted in a judicial capacity and parties were afforded a full and fair opportunity to litigate), and *Snow v. Nevada Dept. of Prisons,* 543 F.Supp. 752 (D.Nev.1982) (*accord*). Although the Supreme Court has declared that § 1983 does not *impliedly repeal* 28 U.S.C. § 1738 nor override the general rules of preclusion that otherwise obtain, *see Allen v. McCurry,* 449 U.S. 90, 97–98, 101 S.Ct. 411, 416–417, 66 L.Ed.2d 308 (1980), the Court has not specifically addressed the relationship between 28 U.S.C. § 1738 and the doctrine of administrative preclusion in the context of an action brought under 42 U.S.C. § 1983. *But see McDonald v. City of West Branch,* —— U.S. ——, 104 S.Ct. 1799, 80 L.Ed.2d 302, (1984) (a federal court may not accord preclusive effect to an unappealed arbitration award in a case brought under 42 U.S.C. § 1983). Thus, the issue is arguably an open one, *cf. Griffen v. Big Spring Independent School District,* 706 F.2d 645, 654 n. 4 (5th Cir.1983), *cert. denied* —— U.S. ——, 104 S.Ct. 525, 78 L.Ed.2d 709 (1983), and we express no opinion on the merits of the question at this time.