**Marcus HOLLEY, Plaintiff-Appellant,**

v.

**The SEMINOLE COUNTY SCHOOL DISTRICT, et al.,**
**Defendants-Appellees.**

**No. 84–8077.**

United States Court of Appeals,
Eleventh Circuit.

June 12, 1985.

_____

\* Honorable John W. Peck, U.S. Circuit Judge for      the Sixth Circuit, sitting by designation.

Eugene C. Black, Jr., Albany, Ga., for plaintiff-appellant.

William U. Norwood, Thomasville, Ga., Sam S. Harben, Jr., Phillip L. Hartley, Gainesville, Ga., for defendants-appellees.

On Petition for Rehearing and Rehearing En Banc

Before KRAVITCH and ANDERSON, Circuit Judges, and ATKINS *, District Judge.

PER CURIAM:

No member of this panel nor other Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35, Fed.R.App.P.; Eleventh Circuit Rule 26), the Suggestion for Rehearing En Banc is DENIED.

■ The Petition for Panel Rehearing is DENIED. Appellees argue on rehearing that because appellant's constitutional claims were rejected by the Georgia State

---

* Honorable C. Clyde Atkins, U.S. District Judge, Southern District of Florida, sitting by designation.

1. Moreover, even if appellees' claim of administrative preclusion were otherwise viable, preclusion may have been unavailable in this case because the administrative tribunals failed to

Board of Education, the federal full faith and credit statute, 28 U.S.C.A. § 1738, precludes litigation of those claims in federal court under the Supreme Court's analysis in *Migra v. Warren City School Dist. Bd. of Ed.*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). We note that § 1738 applies only to the preclusive effect of "judicial proceedings" of state courts, *see McDonald v. City of West Branch*, —— U.S. ——, ——, 104 S.Ct. 1799, 1804, 80 L.Ed.2d 302, 306–07 (1984); *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466–72, 102 S.Ct. 1883, 1889–93, 72 L.Ed.2d 262 (1982), and, thus, would be inapplicable to proceedings in front of the Georgia State Board of Education. Nevertheless, the preclusive effect, in a 42 U.S.C.A. § 1983 case, of state administrative proceedings, by analogy to § 1738, is a difficult and arguably open question in this circuit which may be subject to differing analyses depending on the character of the administrative proceeding and the type of claim being raised in the federal action. *Compare Gorin v. Osborne*, 756 F.2d 834, 838 n. 5 (11th Cir.1985) (open question); *Griffen v. Big Spring Ind. Sch. Dist.*, 706 F.2d 645, 654 n. 4 (5th Cir.) (same), *cert. denied*, —— U.S. ——, 104 S.Ct. 525, 78 L.Ed.2d 709 (1983), *with* the panel opinion in this case, *Holley v. Seminole County School District*, 755 F.2d 1492, 1500–02 (11th Cir.1985) (citing numerous § 1983 and Title VII cases in which administrative hearings were not given preclusive effect and *de novo* review was had in federal court, perhaps because preclusion was not argued); *see also McDonald*, —— U.S. at —— – ——, 104 S.Ct. at ——, 80 L.Ed.2d at 307–10 (in case brought under § 1983, a federal court may not accord res judicata or collateral estoppel effect to unappealed decision in arbitration proceeding brought pursuant to collective bargaining agreement).[1] However,

give appellant a "full and fair hearing" on his First Amendment claim. As we noted in the panel opinion, an important part of appellant's First Amendment claim is that other similarly situated employees were not disciplined as he was, although they were "guilty" of similar misconduct, providing some inference that appellant's discharge was in retaliation against appel-

since appellees did not brief or argue the applicability of § 1738 or any related doctrine of administrative preclusion in their briefs to this panel we will not entertain these thorny questions presented for the first time in appellees' petition for rehearing.

Richard W. Hendrix, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

lant's First Amendment protected activity. At appellant's hearing, the hearing examiner repeatedly refused to allow appellant to introduce evidence of unequal treatment. We held that on remand the district court was obligated to admit such evidence prior to submitting the First Amendment issue to the jury. *Holley v. Seminole County School District,* 755 F.2d 1492, 1505 & n. 17 (11th Cir.1985).