[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-12896
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 11, 2004
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-01425-CV-AR-S

PATRICK L. BISHOP, SR.,

Plaintiff-Appellant,

versus

BIRMINGHAM POLICE DEPARTMENT,
CITY OF,

Defendant,

BIRMINGHAM, CITY OF, THE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(February 11, 2004)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Patrick L. Bishop, Sr., appeals the district court's order granting the City of Birmingham ("the City")'s renewed motion for judgment as a matter of law in Bishop's action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 *et seq* ("Title VII").  In reaching its conclusion, the district court determined that the factual findings of the Jefferson County Personnel Board ("the Board"), an independent state agency, were entitled to preclusive effect over the federal action.  Because the district court improperly failed to draw a distinction between Title VII and § 1983 with regard to the preclusive effects of state administrative proceedings on actions brought thereunder, we vacate the district court's order, and remand for further proceedings.

**Background**

Bishop filed an employment discrimination action against the City, alleging race discrimination and retaliation, in violation of Title VII and § 1983.  After the conclusion of discovery, the City moved for summary judgment on all of Bishop's claims.  In response, Bishop abandoned all of his claims except his Title VII retaliation claim.

Prior to trial, Bishop filed a motion *in limine,* seeking to exclude any testimony or documentary evidence referring to the report and detailed factual findings of the Board.  The report found that Bishop had established a *prima facie*

case of retaliation, but that the city had proffered numerous legitimate, nondiscriminatory business reasons justifying the termination. As such, the Board sustained the City's decision to terminate Bishop. Bishop then pursued his federal action.

At trial, the district court denied Bishop's motion *in limine* and admitted the report, reasoning that the report was similar to non-binding factual findings by the EEOC. After the close of Bishop's case-in-chief, the City moved for judgment as a matter of law arguing, *inter alia*, that the Board had already upheld Bishop's termination. The court took the motion under advisement. After the City presented its case, it renewed the motion. The court again took the motion under advisement and submitted the case to the jury. After a deadlock, the court declared a mistrial.

The Court then issued a written order denying the City's Rule 50 motions. Shortly before jury selection in the retrial, Bishop renewed his motion *in limine*. The court then issued a memorandum opinion, vacating its prior denial of the City's Rule 50 motions, granting the Rule 50 motions, and dismissing Bishop's action. Specifically, the district court relied on our recent decision in *Travers v. Jones*, 323 F.3d 1294 (11th Cir. 2003) (per curiam), *cert. denied*, 124 S. Ct. 472 (2003), and determined that even though the Board lacked jurisdiction over

3

Bishop's Title VII claim, the facts found by the Board had a preclusive effect over the subsequent federal employment rights action.

Bishop then moved to alter or amend the judgment, arguing that his case was instead governed by *University of Tennessee v. Elliott*, 478 U.S. 788 (1986), arguing that *Elliott* found that unreviewed state administrative proceedings did not have a preclusive effect on Title VII claims. The district court denied Bishop's motion. This appeal followed.

## Discussion

We review de novo a district court's grant of judgment as a matter of law, applying the same legal standards used in the district court. *See Taylor v. Runyon*, 175 F.3d 861, 865 (11th Cir. 1999). Those standards require us to consider "whether the evidence presents a sufficient disagreement to require submission to a jury of whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). We consider all evidence, and the inferences drawn therefrom, in the light most favorable to the nonmovant. *See Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir. 1989). "If the facts and inferences point overwhelmingly in favor of one party, such that reasonable people could not arrive at a contrary verdict, then the motion was properly granted." *Id.*

In *Elliott*, the Supreme Court addressed the question of whether a state administrative law judge's factfinding is ever entitled to preclusive effect in federal court, where an individual had pursued claims under Title VII. Title VII requires the EEOC to give "substantial weight to final findings and orders made by State or local authorities in proceedings commenced under State or local law." 42 U.S.C. § 2000e-5(b). Relying on this provision, the Court noted that "it would make little sense for Congress to write such a provision if state agency provisions were entitled to preclusive effect in Title VII actions in federal court." *Elliott*, 478 U.S. at 795.

We have consistently recognized *Elliott*'s conclusion that Congress did not intend unreviewed state administrative proceedings to have preclusive effect over Title VII claims. Specifically, in *Crapp v. City of Miami Beach*, 242 F.3d 1017 (11th Cir. 2001), we noted that although a state administrative agency's findings are entitled to preclusive effect in § 1983 proceedings, a different result is required for Title VII claims. *See id.* at 1022. Several other Circuits share this approach. *See id.* (citing *Rao v. County of Fairfax, Va.*, 108 F.3d 42, 45 (4th Cir. 1997); *Roth v. Koppers Indus., Inc.*, 993 F.2d 1058, 1060-63 (3d Cir. 1993); *McInnes v. California*, 943 F.2d 1088, 1093-94 (9th Cir. 1991); *DeCintio v. Westchester County Med. Ctr.*, 821 F.2d 111, 114-15 (2d Cir. 1987); *Duggan v. Board of*

*Educ.*, 818 F.2d 1291, 1293-95 (7th Cir. 1987); *Abramson v. Council Bluffs Cmty. School Dist.*, 808 F.2d 1307, 1308-09 (8th Cir. 1987)). As the Ninth Circuit has explained,

> [t]he clear teaching of *Elliott* is that in a Title VII action a prior state decision enjoys issue preclusive effect only if rendered or reviewed by a court . . . . In contrast, unreviewed administrative determinations lack preclusive effect in a subsequent Title VII action, regardless of any preclusive effect state law might accord to them.

*McInnes*, 943 F.2d at 1093-94.

*Travers*, the case at the heart of the district court's discussion, involved a First Amendment claim raised under § 1983, not Title VII. *See Travers*, 323 F.3d at 1295. Because Travers sought relief under § 1983, he was subject to the more restrictive preclusion rules governing § 1983 actions, as discussed in *Elliott*. *See Elliott*, 478 U.S. at 796-97. As such, that the state agency findings in *Travers* were entitled to preclusive effect has no bearing on this case. We therefore must vacate and remand the district court's opinion.

### Conclusion

Our case law has recognized the distinction between the preclusive effect of state administrative proceedings over § 1983 claims and that on Title VII claims. Because the district court incorrectly concluded that our

6

holding in *Travers* mandated that the factual findings of the Board be given preclusive effect in this action, we vacate and remand the decision of the district court, for proceedings not inconsistent with this opinion.

**VACATED AND REMANDED.**