Robert A. **SMITH**, Plaintiff,

v.

Michael L. **THURMOND,** Commissioner of Georgia Department of Labor and Georgia Department of Natural Resources, Defendants.

No. CV510–026.

United States District Court, S.D. Georgia, Waycross Division.

Nov. 22, 2010.

**1340**

Robert A. Smith Jacksonville, FL, pro se.

Annette M. Cowart, Shelley Serwitz Seinberg, Dept. of Law GA Attorney General's Office, Atlanta, GA, for Defendant.

## ORDER

LISA GODBEY WOOD, Chief Judge.

Presently before the Court is Defendants' Motion to Dismiss in Lieu of an Answer, or in the Alternative, Motion for a More Definite Statement. For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED.**

## BACKGROUND

Plaintiff was employed by the Georgia Department of Natural Resources in Ware County, Georgia as an Assistant Golf Superintendent from July 2, 2005 to February 12, 2007. After that date, his employment with the Department ceased. He then filed a claim for unemployment compensation benefits. A claim examiner determined that Plaintiff was not eligible to receive unemployment benefits, assigning fault to Plaintiff. Plaintiff believed this fault was assigned to him without evidence or merit, and appealed the decision and requested a hearing before an administrative hearing officer.

On April 30, 2007, Plaintiff received a hearing on his unemployment compensation benefits. The hearing officer later issued a decision affirming the claim examiner's decision. Plaintiff then appealed to the Board of Review of the Georgia Department of Labor. The Board issued a decision on June 25, 2007 affirming the hearing officer's decision. Plaintiff then unsuccessfully filed a motion for reconsideration before the Board.

Plaintiff then moved on to judicial process and filed a Petition for Judicial Review in the Superior Court of Ware County, Georgia on August 24, 2007. The Superior Court issued a Final Order denying Plaintiff's Petition for Judicial Review in December of 2009. Plaintiff proceeded to seek review from the Georgia Court of Appeals, which denied his Application for Discretionary Appeal on February 11, 2010. Having exhausted the state-court system, Plaintiff now seeks federal relief.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a plaintiff's complaint. *See* Fed.R.Civ.P. 12(b)(6). When ruling on a 12(b)(6) motion, a court must accept the factual allegations in the complaint as true, but is not bound to accept as true any "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) (internal quotation marks omitted). In order to state a claim for relief, the pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This statement is intended to "give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 319, 127 S.Ct. 2499, 168

L.Ed.2d 179 (2007) (quoting *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)). This is a liberal pleading standard that "do[es] not require that a plaintiff specifically plead every element of a cause of action." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir.2001). Rather, a Rule 12(b)(6) motion to dismiss should only be granted if the plaintiff is unable to articulate enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545, 127 S.Ct. 1955.

■ In addition to considering Plaintiff's Complaint in its entirety, the Court may consider "documents incorporated by reference and matters of which a court may take judicial notice." *Tellabs*, 551 U.S. at 322, 127 S.Ct. 2499. Defendants have attached three documents to their Motion to Dismiss: Plaintiff's Petition for Judicial Review in the Superior Court of Ware County, the Superior Court's Final Order on that Petition, and the Georgia Court of Appeal's Order denying Plaintiff's Application for Discretionary Appeal. Exs. 1–3 to Defs.' Mot. Dismiss, ECF No. 10–2, 10–3, 10–4. Because these documents are public records, the Court may take judicial notice of their contents without converting the present Motion to Dismiss into a motion for summary judgment. *Universal Express, Inc. v. U.S. Sec. & Exch. Comm'n*, 177 Fed.Appx. 52, 53 (11th Cir.2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. Public records are among the permissible facts that a district court may consider.").

## DISCUSSION

Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that no relief can be granted for Plaintiff's claim because res judicata bars Plaintiff from bringing the present action. Specifically, Defendants contend that "[t]he state court judgment affirming the denial of Plaintiff's unemployment benefits is entitled to preclusive effect in the state courts of Georgia," and thus also is entitled to preclusive effect in federal court. Mot. Dismiss 5, ECF No. 10–1.

■ This Court will give preclusive effect to the outcome of the state court litigation if two conditions are met. First, the Court must determine whether Georgia courts would give preclusive effect to the Ware County Superior Court's judgment. If so, this Court would do the same. *Kremer v. Chem. Constr. Co.*, 456 U.S. 461, 482, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); *Shields v. Bellsouth Adver. and Publ'g Co., Inc.*, 228 F.3d 1284, 1288 (11th Cir.2000). Second, the Court must assess whether "the litigants had a 'full and fair opportunity' to litigate their claims and [whether] the prior state proceedings otherwise satisfied 'the applicable requirements of due process.'" *Shields*, 228 F.3d at 1288 (quoting *Gorin v. Osborne*, 756 F.2d 834, 836 (11th Cir.1985)).

## I. Preclusive Effect

■ The first condition to the application of res judicata is met. The Superior Court's judgment has preclusive effect on the present suit if four elements are present: "(1) a final judgment on the merit s; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Souers v. Geren*, No. CV 108–157, 2010 WL 1169730, at *5 (S.D.Ga. Mar. 23, 1010) (Hall, J.) (citing *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir.1999)); *see also Gardner v. Nicholson*, 181 Fed. Appx. 961, 964 (11th Cir.2006).

■ All four necessary elements are present to invoke the doctrine of res judicata. First, a final judgment was reached on the merits of Plaintiff's suit in the Superior Court. The Superior Court issued a Final Order affirming the Board of Review's decision and denying Plaintiff's Petition for Judicial Review, and the Georgia Court of Appeals subsequently denied Plaintiff's Application for Discretionary Appeal of that Order.

Second, the decision was rendered by a court of competent jurisdiction—the Superior Court of Ware County. *See 2025 Emery Highway, L.L.C. v. Bibb Cnty.*, 377 F.Supp.2d 1310, 1362 (M.D.Ga.2005) ("Undoubtedly, the Bibb County Superior Court is a court of competent jurisdiction.").

Third, the parties are identical. In both the Superior Court and in the present action, Plaintiff sued Michael L. Thurmond, Commissioner of the Georgia Department of Labor, and the Georgia Department of Natural Resources.[1]

Fourth, the same cause of action is involved in both suits. Plaintiff seeks the same remedy now as he did in the Superior Court. Plaintiff asked the Superior Court to "review and reverse the decision of the Board of Review, or remand it to the agency as it deems appropriate." Pet. for Judicial Review ¶ 11, Ex. 1 to Defs.' Mot. Dismiss, ECF No. 10–2. Plaintiff now also asks this Court to "review and reverse the decision of the hearing officer, or remand it to the agency as it deems appropriate." Compl. ¶ 23, ECF No. 1. The substance of Plaintiff's claims in both suits is also identical. In the Superior Court, Plaintiff alleged that the adminis-

trative decision was "not supported by evidence" and was "contrary to statutory, constitutional, and other law." Pet. for Judicial Review 3, Ex. 1 to Defs.' Mot. Dismiss, ECF No. 10–2. In his Complaint before this Court, Plaintiff uses identical language—that the administrative decision "is not supported by evidence" and "is contrary to statutory, constitutional and other law." Compl. ¶ 23, ECF No. 1. Therefore, the elements of res judicata are met, and giving preclusive effect to the Superior Court's judgment will be appropriate if the second condition is also met.

## II. Full and Fair Opportunity to Litigate

■ To meet the second condition for the application of res judicata, Defendant must show that Plaintiff has not sufficiently alleged a denial of a full and fair opportunity to litigate in the administrative proceeding. *Shields*, 228 F.3d at 1288.

■ To show such a denial of due process rights, the Eleventh Circuit requires a plaintiff to present a "persuasive argument that the procedures used in his administrative proceeding violated federal due process requirements." *Id.* at 1289. In *Shields*, which also involved an administrative hearing on the plaintiff's unemployment benefits, the Eleventh Circuit stated that

> Georgia's unemployment benefits compensation scheme expressly requires that, if the initial determination regarding benefits is challenged, the parties receive a hearing before one or more impartial hearing officers. The parties must, by law, receive reasonable opportunity for fair hearing prior to the hear-

1. In the Superior Court of Ware County, Plaintiff sued Defendant Georgia Department of Natural Resources "c/o TALX," stating that TALX was the entity that handled claims on behalf of the Department of Natural Re-

sources. Petition for Judicial Review 1, Ex. 1 to Defs.' Mot. Dismiss, ECF No. 10–2. This minor discrepancy is of no consequence in the res judicata analysis.

ing officer making a decision. The parties may then seek an additional layer of administrative review before the Board of Review, at which stage the parties may seek leave to submit additional evidence. Next, the parties may seek judicial review of the Board of Review's decision in the appropriate Superior Court. The judicial proceeding is summary in nature, but the court may, if warranted, remand the matter to the hearing officer for further factfinding on an issue. The parties may then seek a second layer of judicial review from the Georgia Court of Appeals.

*Id.* at 1288 (citations and internal quotation marks omitted). Plaintiff Smith was afforded all of these procedural safeguards: [2] he received a fair hearing before an impartial hearing officer; he appealed to and had the decision reviewed by the Board of Review; he sought and received judicial review of the administrative deci-

sion in the Superior Court of Ware County; and he applied for and was denied a discretionary appeal by the Georgia Court of Appeals. The Superior Court found that the Board of Review's decision "passes scrutiny under the 'any evidence' standard." [3] Final Order, Ex. 2 to Defs.' Mot. Dismiss, ECF No. 10–3. The Superior Court did not exercise its right to remand any issue to the hearing officer for further factfinding.

■ "[D]ue process merely requires an opportunity for a hearing appropriate to the nature of the case, granted at a meaningful time and in a meaningful manner." *Howkins v. Caldwell*, 587 F.Supp. 98, 104 (N.D.Ga.1983) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965)). Construing Plaintiff's Complaint liberally,[4] he

---

2. Where courts have found that a plaintiff did not have a full and fair opportunity to litigate, procedural safeguards were not present. *See, e.g., Smith v. Comm'r of Ga. Dep't of Pub. Safety*, 673 F.Supp. 446, 451–52 (M.D.Ga. 1987) ("This court cannot find that Mr. Smith had a full opportunity to litigate the issues in this case if he was not given an opportunity to confront the evidence against him and to cross-examine the state's witnesses. Because Mr. Smith was not afforded these safeguards, the finding by the [ ] hearing officer that Mr. Smith was not medically fit to drive is of no effect in these proceedings." (internal citations omitted)).

3. Plaintiff discusses the "any evidence" standard used by the Superior Court in his Response to the present motion. Response ¶ 17, ECF No. 14 ("Plus any evidence standard used there was no evidence entered at hearing that was factual or that could pass the scrutiny of the court."). His challenge may be more of an attack on the Superior Court's application of the standard, but even if it is an attack on the Superior Court's use of that particular standard, the Court wishes to note that the Superior Court's use of the "any evidence" standard is not grounds for finding a denial of due process. In *Gorin v. Osborne*,

the appellant argued that "the standard of review applied by the state court in reviewing the administrative board's findings of fact was so narrow and deferential that the state proceedings failed to satisfy due process." 756 F.2d at 837. The Eleventh Circuit rejected the appellant's arguments, finding that the appellant had a full and fair opportunity to litigate in the state proceedings, and noting specifically that the state court's standard of review was not improper. *See id.* at 837–38 ("The *Kremer* decision specifies no minimum level of judicial review as a prerequisite to the preclusivity of a judicial affirmance of state administrative rulings." (referring to *Kremer*, 456 U.S. 461, 102 S.Ct. 1883)). The *Gorin* court held, "We discern no material difference between the standards of judicial review sanctioned in *Kremer* and the 'any evidence' standard applied here, and no due process violation deriving from the standard of review applied by the state court in this case." *Id.* at 838.

4. Plaintiff is not represented by counsel in the present litigation, and the Court thus construes his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (noting that "allegations

raises claims that he was denied a hearing at a meaningful time and in a meaningful manner. Plaintiff alleges that at his hearing on unemployment benefits, "the hearing officer allowed improper action and entrance of hearsay testimony," "allowed testimony to be entered without the presen[ce] of the author of the testimony," and "allowed the state official to make knowingly false statements without the support of a charge from the DA of Ware [C]ounty." Compl. ¶ 3, ECF No. 1. This last allegation is the focus of Plaintiff's Complaint in the present suit. Plaintiff alleges that at his hearing, "the State representative stated in testimony under oath that [he] was charged with a felony," but that was necessarily a false statement[5] because the District Attorney of Ware County had not yet completed his investigation at the time of Plaintiff's April 30, 2007 hearing. Response 4, ECF NO. 14; Compl. ¶ 4, ECF No. 1. He claims that the District Attorney finished his investigation and transferred the case to misdemeanor court on June 1, *2001*, and thus Plaintiff "had no opportunity to remove the false statement [regarding the felony charge] from the hearing record." *Id.*

While Plaintiff may not have had the opportunity to correct any false statements at the time of the hearing, he certainly had the opportunity to raise those claims in his Petition for Judicial Review in the Superior Court.[6] The District Attorney transferred his case to misdemeanor court on June 1, 2007, and Plaintiff filed his Petition in the Superior Court on August 24, 2007. Therefore, at the time Plaintiff filed his Petition, he knew of the completion of the District Attorney's investigation, and could have raised this argument before the Superior Court in his Petition. Plaintiff had a full and fair opportunity to raise this argument as a ground for the Superior Court to consider in reviewing the decision of the Board but chose not to do so.[7] Furthermore, the fact that the District Attorney subsequently transferred Plaintiff's case to misdemeanor court does not mean that Plaintiff was never charged with a felony, and thus any testimony given in the hearing regarding his felony charge was not untrue, especially at the time it was given. The Plaintiff has not demonstrated that he was denied a full and fair

of [a] pro se complaint" are held "to less stringent standards than formal pleadings drafted by lawyers"); *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir.2006) (" 'Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.' ") (quoting *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir.2003)).

5. Plaintiff also alleges that the State gave "much more untrue testimony," including, for example, that Plaintiff had gone through an orientation program as part of his employment. Response 4, ECF No. 14. Plaintiff does not allege, however, that he was denied an opportunity to present his own case at the hearing to refute the State representative's testimony.

6. *Cf. 2025 Emery Highway*, 377 F.Supp.2d at 1362 ("There is no contention that [the plaintiff] did not have a full and fair opportunity to

present these claims to the state court. Moreover, after the Superior Court's ruling, the club sought appeal from the Georgia Court of Appeals, and it was denied.").

7. The Eleventh Circuit has decline to find a denial of due process where the events complained of can be attributed to the fault of the plaintiff himself. *See Travers v. Jones*, 323 F.3d 1294, 1297 (11th Cir.2003) ("The County afforded Travers the opportunity to a hearing where he could present live witnesses and cross-examine opposing witnesses. Travers' inability to do so was a result of his own tardiness."); *id.* (" 'The fact that [the plaintiff] failed to avail himself of the full procedures provided by the state law does not constitute a sign of their inadequacy.' " (quoting *Kremer*, 456 U.S. at 485, 102 S.Ct. 1883)).

opportunity to litigate his claims, and thus this Court gives preclusive effect to the Superior Court's judgment, foreclosing the present action.

CONCLUSION

Defendants' Motion to Dismiss is hereby **GRANTED.** The Clerk of Court is directed to enter an Order dismissing the case.

**SO ORDERED.**