**John H. LARY, Jr., Plaintiff-Appellant,**

v.

**Mansour ANSARI; Ahmad Momeni; Mansour Ansari Oriental Rugs, Inc., a Georgia corporation; Momeni, Inc., a New York Corp., Defendants-Appellees.**

**No. 86–7416.**

United States Court of Appeals, Eleventh Circuit.

June 1, 1987.

Rehearing and Rehearing En Banc Denied July 16, 1987.

Hurt, Richardson, Garner, Todd & Cadenhead, Stephen E. O'Day, Atlanta, Ga., for defendants-appellees.

Before GODBOLD, VANCE and JOHNSON, Circuit Judges.

PER CURIAM:

John Lary brought this RICO action against Mansour Ansari, Mansour Ansari Oriental Rugs, Inc., Ahmad Momeni, and Momeni, Inc. The district court granted summary judgment to all defendants on the grounds of res judicata and collateral estoppel. We affirm as to defendants Ansari and Mansour Ansari Oriental Rugs, Inc. and reverse and remand as to defendants Momeni and Momeni, Inc.

### FACTUAL BACKGROUND

In 1978 Lary and Ansari entered into a business relationship under which they bought and sold oriental rugs. Lary provided the capital for the business, and Ansari, who was experienced in the oriental rug business, managed the business. In December 1980 Lary and Ansari entered into a written termination agreement in which Lary agreed, among other things, not to bring an action against Ansari for any claims arising out of their former business relationship.

Lary filed an action in federal court against Ansari in 1983, alleging fraud and breach of agreements between the parties

concerning their former business relationship. The district judge instructed the jury that it could not reach the merits of Lary's claims unless it first found that the covenant not to sue in the termination agreement was void and unenforceable. The jury returned a general verdict in favor of Ansari. No appeal was taken from the ensuing judgment.

Lary brought the present action in 1985. Although couched in terms of RICO, the action does not differ from Lary's fraud claim in his previous suit against Ansari. Lary alleges that although Ansari had agreed in their original business arrangement not to engage in other business activities or to compete with the business, he sold oriental rugs "on the side" and kept the profits for himself. Lary further alleges that Momeni and Momeni, Inc. conspired with Ansari to supply him with the rugs that he sold for his own account.

■ The defendants filed a motion to dismiss the action, which the district court treated as a motion for summary judgment.[1] After a full hearing the court granted the defendants' motion for summary judgment on the grounds that the claim against Ansari was barred by res judicata and the claim against the remaining defendants was barred by collateral estoppel. Lary appeals from this judgment.

## ANSARI AND MANSOUR ANSARI ORIENTAL RUGS, INC.

The court held that Lary's RICO claim against Ansari was barred by res judicata. Under the doctrine of res judicata (or claim preclusion), a final judgment on the merits bars the parties from relitigating issues that were or could have been raised in the previous action. *I.A. Durbin, Inc. v. Jefferson Nat'l Bank,* 793 F.2d 1541, 1549 (11th Cir.1986). For a prior judgment to bar a subsequent action, four elements must be present: "(1) there must be a final

judgment on the merits, (2) the decision must be rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases." *Id.*

The first three elements are clearly met—a final judgment on the merits was rendered by a court of competent jurisdiction in Lary's action against Ansari in 1983. The only issue is whether the cause of action asserted in this action is the same as that involved in the earlier lawsuit. We find that it is.

In his first lawsuit Lary alleged that Ansari had fraudulently induced him to enter into a too-favorable termination agreement, breached provisions of the termination agreement relating to the recovery of certain rugs and payments due Lary, defrauded him by improperly withdrawing funds from their oriental rug business, and defrauded him by selling oriental rugs for his own account and not depositing those funds in the business account and by concealing that fact when they negotiated the termination agreement.

■ Because Lary had an opportunity in his first lawsuit to litigate claims relating to his business relationship with Ansari, any future claims relating to the same business relationship are barred by res judicata. Although styled as a RICO claim, the complaint here relies on the same allegations of misconduct by Ansari as did the prior suit. The present action against Ansari is therefore barred by res judicata.

Lary contends that there is another element to this suit against Ansari that could not have been brought in the first suit, and therefore he is saved from the res judicata bar. In his amended complaint he alleged that Ansari had violated the termination agreement by refusing to exchange certain

1. The court converted the defendants' motion into one for summary judgment and instructed the parties to submit any other relevant materials. The court, however, did not specifically inform Lary of the consequences of default, and thus did not fully comply with the notice requirements of Fed.R.Civ.P. 56(c). *See Griffith v.* *Wainwright,* 772 F.2d 822, 825 (11th Cir.1985). Nevertheless, Lary attended the hearing and presented his case as fully as if he had received proper notice; the court's oversight was therefore harmless error. *Property Management & Investments, Inc. v. Lewis,* 752 F.2d 599, 605 (11th Cir.1985).

oriental rugs in March and April of 1986.[2] If Lary intended to pursue this amended claim as an independent cause of action, it would not be barred by res judicata. As Lary essentially admits in his brief on appeal, however, the only purpose of the amended claim is to get around the barrier posed by the covenant not to sue in the termination agreement so that he can litigate the underlying fraud claim.[3] Lary's action against Ansari is therefore barred by res judicata, and the district court did not err in granting summary judgment to Ansari.[4]

■ Mansour Ansari Oriental Rugs, Inc. did not come into existence until after Lary and Ansari had terminated their business relationship. It could not have participated in any conspiracy during their business relationship. Lary explained at the hearing on the defendants' motion for summary judgment that he named the corporation as a defendant because it was simply a continuation, in corporate form, of Ansari's oriental rug business. The corporation was therefore in privity with Ansari, and Lary's action against it is barred by res judicata. *See I.A. Durbin, Inc.*, 793 F.2d at 1549; *Aerojet-General Corp. v. Askew*, 511 F.2d 710, 719 (5th Cir.), *cert. denied*, 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975).[5]

## MOMENI AND MOMENI, INC.

The district court held that Lary's action against Momeni and Momeni, Inc. was barred by collateral estoppel. Collateral estoppel (or issue preclusion) prevents relitigation of an issue of fact or law that has been litigated and decided in a prior lawsuit. *I.A. Durbin, Inc.*, 793 F.2d at 1549.

Collateral estoppel applies only if the following prerequisites are met:

> (1) [T]he issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Id.*

■ Three of these prerequisites are clearly met—Lary's claim relating to the secret rug sales, whether fashioned as a common law fraud or RICO claim, was involved in the prior action, and Lary had a full and fair opportunity to litigate, and did in fact litigate, the claim in the earlier proceeding. The only issue is whether the determination of the fraud claim in the prior litigation was a "critical and necessary part of the judgment." Because we cannot answer this last question, Lary's action against Momeni and Momeni, Inc. is not barred by collateral estoppel.

In Lary's original lawsuit against Ansari the district court instructed the jury that it could not consider Lary's substantive claims, including the fraud claim, unless it first found that the covenant not to sue in the termination agreement was void or unenforceable. The judge explained that the covenant was unenforceable only if Ansari had breached a material provision of the termination agreement or had fraudulently induced Lary to enter into the agreement.

**2.** Lary filed his amended complaint on the day of the hearing on the defendants' motion for summary judgment. Although the district judge discussed the amended complaint at the hearing, he did not formally allow the complaint to be amended. Given the liberal amendment policy embodied in Fed.R.Civ.P. 15(a) and the court's discussion of the amendment at the hearing, we will treat the amendment as having been allowed. *See Lone Star Motor Import, Inc. v. Citreon Cars Corp.*, 288 F.2d 69, 75 (5th Cir. 1961).

**3.** Lary's argument that "[t]he R.I.C.O. issue joined with the issue of Ansari's 1986 breach of [the termination agreement] forms a single cause of action" is not persuasive.

**4.** Lary's arguments that res judicata should not be applied to bar RICO actions and that application of a res judicata bar in this case would result in injustice are without merit.

**5.** Although the district court held that Lary's claim against the corporation was barred by collateral estoppel, the judge's comments during the hearing on the defendants' motion for summary judgment were cast in res judicata terms.

Because the jury returned a general verdict in favor of Ansari, we are unable to determine whether the jury found that Lary's claim was barred by the covenant not to sue or whether the jury ruled on the merits of Lary's substantive claims. Resolution of Lary's fraud claim therefore was not a "critical and necessary part of the judgment" in the original action, and a collateral estoppel bar of the claim is inappropriate in this case. *See In re Merrill*, 594 F.2d 1064, 1067 (5th Cir.1979).[6]

The district court did not consider whether Lary's RICO claim states a claim against Momeni and Momeni, Inc., and therefore we do not. This is for the district court in the first instance.

AFFIRMED in part, REVERSED in part, and REMANDED.

---

6. The defendants contend that the same fraudulent conduct was the basis for both Lary's fraudulent inducement claim and his underlying substantive fraud claim and thus was a necessary part of the prior judgment. This contention is without merit. Lary conceded when he was arguing against Ansari's motion for a directed verdict in the original case that his fraudulent inducement claim was based entirely on Ansari's alleged misrepresentation to Lary that he was "broke."