[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15513
Non-Argument Calendar
_____

D. C. Docket No. 07-01915-CV-T-26-TGW

JOHNNIE FITZGERALD HOWARD,

                                                          Plaintiff-Appellant,

versus

DAVID GEE,
Hillsborough County Sheriff,
DAVID M. PARRISH,
Colonel of Hillsborough County Jail, et al.,

                                                          Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 29, 2008)

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Johnnie Fitzgerald Howard, a prisoner proceeding pro se, appeals from the dismissal of his 42 U.S.C. § 1983 civil complaint. The district court dismissed Howard's complaint, on res judicata grounds, because it found that Howard had previously filed a similar action that was dismissed for failure to adequately plead exhaustion. On appeal, Howard argues that res judicata is inapplicable in the instant case because: (1) the final order dismissing his previous case for lack of exhaustion was based on a curable procedural defect; and (2) lack of exhaustion is an affirmative defense, and, as plaintiff, he did not have the burden of pleading it. After thorough review, we vacate and remand.

The district court screened and dismissed Howard's complaint under 28 U.S.C. § 1915A, which requires the court to screen complaints in all civil actions that are filed by prisoners against government entities. See 28 U.S.C. § 1915A. "A district court's decision to dismiss for failure to state a claim under 28 U.S.C. § 1915A is reviewed de novo, taking the allegations in the complaint as true." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Id. (quotations omitted).

"The doctrine of res judicata, or claim preclusion, will bar a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction;

2

(2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003) (quotations omitted). In addition, res judicata is inapplicable when "between the first and second suits, there has been an intervening change in the law or modification of significant facts creating new legal conditions." Jaffree v. Wallace, 837 F.2d 1461, 1469 (11th Cir. 1988) (quotations omitted).

The district court dismissed Howard's instant case on res judicata grounds; however, Howard's previous action was dismissed because he failed to plead exhaustion. This Court has held that "exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits." Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). Since a finding of exhaustion is not an adjudication on the merits, the dismissal of Howard's 2005 action fails to satisfy the "final judgment on the merits" element of res judicata.

Res judicata is also inapplicable because there has been an intervening substantial change in the law applicable to Howard's previous case. In 2007, the Supreme Court held "that failure to exhaust is an affirmative defense under [28 U.S.C. § 1915A], and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 127 S. Ct. 910, 921

3

(2007). As a result, the 2005 decision dismissing Howard's complaint for failure to plead exhaustion is at odds with current Supreme Court case law, and, is therefore not entitled to res judicata deference.

Accordingly, we vacate and remand this case to the district court.

**VACATED AND REMANDED.**