[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10268
_____

D.C. Docket No. 2:10-cv-00434-UA-SPC

JOHNNIE FITZGERALD HOWARD,

Plaintiff-Appellant
Cross Appellee,

versus

C. KRAUS, et al.,

Defendants-Appellees,

D. SNIDER,
M. H. MEIER,
S. M. LEAHEY,
K. WILLIAMS,
B. MOUNT,

Defendants-Appellees
Cross Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(February 8, 2016)

Before TJOFLAT and MARTIN, Circuit Judges, and ROSENTHAL,[*] District Judge.

MARTIN, Circuit Judge:

Johnnie Howard is a federal prisoner who has filed a 42 U.S.C. § 1983 claim against several prison officials and seeks to proceed without prepaying the court's filing fee. In doing so, he faces the barriers erected by the Prison Litigation Reform Act of 1995 (PLRA), Pub L. No. 104-134, 110 Stat. 1321 (1996). The nature of his filings calls on us to consider whether his past litigation disqualifies him from proceeding in forma pauperis ("IFP"). We find that it does.

## I.  BACKGROUND

### A.    MR. HOWARD'S PAST LITIGATION

Mr. Howard has already filed a number of lawsuits that may count against him as "strikes" under the PLRA. The PLRA was enacted in response to the perceived problem of frivolous prisoner litigation. See Harris v. Garner, 216 F.3d 970, 977–80 (11th Cir. 2000) (en banc) (reviewing the PLRA's legislative history). Here we consider the PLRA's three strikes provision, intended to deter "frequent filers" who have brought three or more meritless lawsuits while incarcerated. See 28 U.S.C. § 1915(g).[1]  A prisoner who has been struck out by this provision must

---

[*] Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

[1] In its entirety, § 1915(g) reads:

2

prepay the entire filing fee in any future cases he files while incarcerated rather than proceeding IFP.  When a prisoner with three strikes tries to proceed IFP, his suit is due to be dismissed without prejudice.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam).

Mr. Howard's case does not fit neatly into the three strikes regime created by the statute, because almost all of his past litigation grew out of one incident. Mr. Howard does not dispute that he already has two strikes under the PLRA, but the prison officials claim he has accrued up to five total.  We will review each of the possible five.

### 1.  The 2004 Case

In 2004, Mr. Howard brought a § 1983 claim in district court against a group of Florida correctional officers.  He alleged in an amended complaint that the officers violated his constitutional rights by failing to protect him against attacks by fellow inmates, negligently failing to secure his property, and not responding to his grievances.  The district court dismissed Mr. Howard's amended complaint because he had not exhausted administrative remedies, which the court stated was "a precondition to suit."

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

3

## 2. *The First Appeal*

Mr. Howard filed a notice of appeal and motion to proceed IFP on the 2004 Case in this Court.  In a single-judge order, this Court specifically found that the appeal was frivolous and denied Mr. Howard leave to proceed on May 18, 2006. The order did not articulate the basis for this frivolity finding.  This is one of the possible strikes against Mr. Howard.

## 3. *Change in the Law*

On January 22, 2007, the United States Supreme Court decided Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910 (2007).  Contrary to the district court's holding in the 2004 Case, the Supreme Court held that a prisoner need not plead administrative exhaustion under the PLRA; instead, it is an affirmative defense. Id. at 216, 127 S. Ct. at 921.

## 4. *The 2007 Case*

In 2007, Mr. Howard brought another § 1983 claim in district court against effectively the same officials as in the 2004 Case.[2]  Reacting to the district court's dismissal for failure to exhaust administrative remedies in the 2004 Case,[3] Mr. Howard alleged that the prison officials violated his constitutional rights by inadequately responding to and obstructing his administrative grievances.  This

---

[2] There was a new sheriff when the 2007 Case was filed, so the new sheriff was named.

[3] The district court's previous dismissal was now subject to question because of Jones. However, it does not appear that Mr. Howard was yet aware of this change in the law.

4

was why, he explained, he couldn't exhaust administrative remedies before filing the 2004 Case.  The district court dismissed the complaint based on res judicata—it reasoned that the 2004 Case controlled the outcome.

5.  *The Second Appeal*

Mr. Howard appealed the 2007 Case to this Court, and we vacated and remanded the district court's order.  See Howard v. Gee, 297 F. App'x 939 (11th Cir. 2008) (per curiam).  We held that res judicata did not apply for two reasons: (1) dismissal for failure to exhaust administrative remedies is not an adjudication on the merits, and (2) Jones changed the law on pleading administrative exhaustion after the 2004 Case.  Id. at 940–41.

6.  *The Consolidated Cases*

After the Second Appeal, the district court dismissed the 2007 Case a second time because Mr. Howard had failed to timely file a signed indigency affidavit. Mr. Howard then filed a signed indigency affidavit and moved to vacate the latest dismissal order.  But the district court went beyond simply granting Mr. Howard's motion: it decided to vacate its dismissal orders in both the 2004 and 2007 Cases, and then consolidate the two cases going forward.  We have found nothing in the record to indicate that Mr. Howard ever requested revival of the 2004 Case, or that he asked for it to be consolidated with the 2007 Case.

When the district court finally reached the merits of Mr. Howard's claim, it dismissed the Consolidated Cases for failure to state a claim. Mr. Howard acknowledges that this dismissal counts as one strike, but the prison officials argue it should count as two separate strikes.

### 7. *The Third Appeal*

Mr. Howard filed a notice of appeal and a motion to proceed IFP on the Consolidated Cases in this Court. A three-judge panel specifically found that the appeal was frivolous and denied Mr. Howard leave to proceed. The order was a summary dismissal that gave no basis for its frivolity finding. Mr. Howard acknowledges that this should be counted as a second strike.

### 8. *The 2010 Case*

In 2010, Mr. Howard brought an unrelated § 1983 claim against several Florida correctional officers. He complained of an assault by a prison guard, interference with prison grievance procedures, and malicious prosecution. But because he didn't use the prescribed civil rights form, the district court ordered him to file an amended complaint on that form. When he failed to, the court dismissed Mr. Howard's complaint without prejudice. This is the last possible strike against Mr. Howard.

9.  *Summary*

As we've set out, two of Mr. Howard's strikes are not contested: one from the dismissal of the Consolidated Cases, and one from the dismissal of the Third Appeal.  Another strike disqualifies him from IFP status.  The prison officials say we can arrive at Mr. Howard's third strike in any of three ways: from the First Appeal, from the Consolidated Cases (which they count as two strikes), or from the 2010 Case.

B.    PROCEDURAL HISTORY

In the case now before us, Mr. Howard brought a § 1983 claim against several prison officials alleging that they violated his constitutional rights by acting with deliberate indifference to his serious medical need.  The prison officials moved to dismiss the complaint, saying that Mr. Howard has accrued three strikes under the PLRA.  The District Court granted the prison officials' motion to dismiss.

Mr. Howard filed a motion for reconsideration, arguing that the District Court was wrong to treat the First Appeal as a strike.  When this Court recognized the change in the law announced by Jones, he argued, we automatically nullified our decision in the First Appeal.

The District Court granted Mr. Howard's motion on different grounds.  While it rejected his argument that our decision in the First Appeal had been

nullified, the District Court nonetheless decided not to count that decision as a strike because it did "not find it equitable." It characterized our order in the First Appeal as "affirm[ing] the district court's order of dismissal in [the 2004 Case]," and said our order was "based" on the district court's decision in the 2004 Case.

The prison officials filed a motion for reconsideration as well, arguing that the PLRA does not allow courts discretion to ignore strikes as "inequitable." The District Court denied this motion. The District Court later dismissed Mr. Howard's deliberate-indifference claim because it found that he had not plausibly alleged a constitutional violation, meaning that the prison officials were entitled to qualified immunity. Both parties timely appealed.

## II.  STANDARD OF REVIEW

We review de novo a district court's determination of qualifying strikes. Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), abrogated on other grounds by Jones, 549 U.S. 199, 127 S. Ct. 910. What counts as a strike under the PLRA is a legal question. See id. We also review de novo the District Court's interpretation of the PLRA's three strikes provision. Dupree, 284 F.3d at 1235.

### III.  DISCUSSION

Given that Mr. Howard acknowledges he has two strikes, he cannot proceed IFP if any one of the contested strikes counts against him.[4]  We hold that this Court's dismissal of the First Appeal counts as the third strike, so we need not reach the other two contested strikes.

To evaluate whether the dismissal of the First Appeal counts as a strike, we must review what was—and was not—said by this Court in its dismissal order. The parties agree that the district court's dismissal for failure to plead administrative exhaustion in the 2004 Case was eventually contradicted by Jones. Mr. Howard extends this reasoning, inferring that we dismissed the First Appeal as frivolous "because that district court had dismissed his complaint without prejudice for failure to plead administrative exhaustion."  The District Court also assumed that our dismissal in the First Appeal was a simple affirmance of the lower court's decision in the 2004 Case.  But these assumptions are not justified.  This Court did not affirm the district court's decision in the First Appeal, and Mr. Howard's failure to plead administrative exhaustion was not identified as the basis for finding that the appeal was frivolous.  This Court simply found Mr. Howard's appeal frivolous and denied him leave to proceed.  Our independent order was not negated merely because the district court's decision was later vacated.

---

[4] Mr. Howard has not alleged that he qualifies for the "imminent danger" exception to § 1915(g).

Neither has Mr. Howard shown that our order in the First Appeal was no longer effective when he filed the current case.  The order has never been invalidated, for example, under Federal Rule of Civil Procedure 60(b).  See Fed. R. Civ. P. 60(b) (allowing relief from an order in certain circumstances).  Mr. Howard did not file any motion with respect to the First Appeal before filing this case.  And it's not clear that such a motion would have been successful here.  While we noted in the Second Appeal that the district court's decision dismissing Mr. Howard's complaint for failure to plead administrative exhaustion was at odds with current Supreme Court case law, we did not reevaluate our order in the First Appeal.  See Howard, 297 F. App'x at 940–41.  We have therefore already implicitly declined to read error into our earlier decision—an alleged error that's not evident on the order's face.  We again decline to do so here.

The strict terms of the PLRA mandate counting our order in the First Appeal as a strike.  This Court made an unambiguous finding of frivolity, which is one of the three enumerated strike grounds.  See 28 U.S.C. § 1915(g).  That finding has not been invalidated.  Perhaps a fleshed-out order in the First Appeal would have revealed reasoning similar to the district court's flawed reasoning in the 2004 Case.  And if that were the case, perhaps Mr. Howard would have filed a Rule 60(b) motion.  But that's not the record before us.  We hold that this Court's dismissal of the First Appeal as frivolous counts as Mr. Howard's third strike.

## IV.  CONCLUSION

Due to his past litigation, Mr. Howard has run up against one of the barriers set by the PLRA.  He and the District Court were wrong to assume that the lower court's decision in the 2004 Case and our own frivolity determination in the appeal from that decision were one and the same.  Our dismissal in the First Appeal constituted Mr. Howard's third strike, which stops him from proceeding IFP.  We therefore REVERSE and REMAND with instructions to dismiss Mr. Howard's complaint without prejudice pursuant to § 1915(g).

**REVERSED and REMANDED**