[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13359

Non-Argument Calendar

_____

BRANDON CRAIG WOOD,

Plaintiff-Appellant

versus

WARDEN ERIC SELLERS,

Defendant,

SAMUELANDREWS,
C.E.R.T Officer,
MUBARAK BIN ASADI,
C.E.R.T Officer,
QUINTON RICHARDSON,

2                       Opinion of the Court                       21-13359

C.E.R.T Officer,
CHARLES WILLIAMS,
C.E.R.T Officer,
BENJAMIN BROWN,
C.E.R.T Officer, et al.,

                                                Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:20-cv-00124-MTT-TQL

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

The issue in this appeal is whether the district court properly dismissed Brandon Wood's second lawsuit based on an alleged assault. Wood's first lawsuit alleged that he was attacked and injured by various prison officials while he was imprisoned in Georgia. *Wood v. Sellers*, No. 5:20-cv-00124 (M.D. Ga. filed May 27, 2020) ("*Wood I*"). The district court dismissed that suit because Wood failed to exhaust the administrative remedies available to him prior to filing it, as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997e. Wood subsequently filed the present suit based on

the same contentions, and the district court dismissed it for failure to exhaust, explaining that Wood was precluded from relitigating the issue. For the reasons that follow, we affirm.

## I.    BACKGROUND

Wood alleges that he was attacked by prison guards in 2018 while he was being transported between prison facilities. Wood contends that during a stop, the transportation team directed the emergency response team to attack him. As a result, Wood was ultimately treated for facial nerve damage, hearing loss, a torn stomach muscle, and vision loss. A deputy warden also reported the incident to the Georgia Department of Corrections' Office of Professional Standards, and an agent from the office spoke with Wood at the hospital. Wood did not submit a grievance about the incident.

In *Wood I*, Wood filed a *pro se* complaint against corrections officers under the Eighth Amendment for excessive use of force. The Corrections officers moved to dismiss the suit, contending that Wood failed to exhaust all administrative remedies before filing suit. *See* 42 U.S.C. § 1997e(a). Wood responded that administrative remedies were unavailable to him for several reasons: he was in the hospital during the ten-day grievance filing window; he could not "easily or quickly" determine the Corrections officers' names; the assault was not a proper subject matter for a grievance; he submitted a written statement to a deputy warden in lieu of filing a grievance; and an agent from the standards office allegedly

told him that her investigation supplanted the normal grievance procedure (which she denied). The district court disagreed with Wood, concluded that he had failed to exhaust available administrative remedies, and dismissed the case without prejudice.

Two months later, Wood filed this suit, which also alleged excessive force under the Eighth Amendment against the same defendants. But he did not allege that he did anything new to exhaust administrative remedies between his first suit and the second suit. The defendants again moved to dismiss, arguing that Wood was precluded from re-arguing the issue of whether he had exhausted available administrative remedies. The district court appointed counsel to assist Wood with filing a response. In his response, Wood argued both that he had complied with the exhaustion requirement before his first suit and, alternatively, that no administrative remedies were available to him. The district court held that Wood was precluded from relitigating whether he had exhausted available administrative remedies and, once again, dismissed the case without prejudice. Wood timely appealed.

## II.    STANDARD OF REVIEW

The district court's application of issue preclusion is a question of law which we review *de novo*. *Griswold v. Cnty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010).

## III.    DISCUSSION

Wood contends that he should have been allowed to relitigate whether he had exhausted available administrative remedies. He makes two arguments for this result. First, he argues that issue preclusion does not apply to matters not decided on the merits, and that the district court's dismissal without prejudice entitles him to relitigate the issue of exhaustion. Second, he contends that the elements of issue preclusion are not met here. We consider each of these arguments in turn.

Wood's first argument confuses issue preclusion with claim preclusion. The doctrine of issue preclusion prevents a losing party from relitigating a specific issue that was decided in a prior action. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 324 (1979). The doctrine of claim preclusion is much broader; it bars the refiling of a claim that was raised, or that could have been raised, in a prior action. *See Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003). Here, the district court dismissed *Wood I* "without prejudice" because it concluded that it lacked jurisdiction due to Wood's failure to exhaust available administrative remedies. *See Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998) (citing *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)). Such a without-prejudice jurisdictional dismissal does not preclude the same claims from being refiled. *See Davila*, 326 F.3d at 1188; *see also Howard v. Gee*, 297 F. App'x 939, 940 (11th Cir. 2008) (dismissal of a prisoner's first lawsuit on exhaustion grounds did not prevent him from raising the same claims in a subsequent suit). But the question

here is whether Wood may relitigate the *issue* of exhaustion, not whether he may bring the same, or similar, Eighth Amendment claims. And it is hornbook law that, when a suit is dismissed on jurisdictional grounds, such as "a requirement of prior resort to an administrative agency," "[t]he judgment remains effective to preclude relitigation of the precise issue of jurisdiction . . . that led to the initial dismissal." Wright & Miller, Federal Practice and Procedure § 4436.

Moving to Wood's second argument, we must address whether the district court was correct in holding that the elements for issue preclusion are satisfied. Under our issue prelusion precedents, an issue is precluded when: (1) the issue in the current and prior actions is identical; (2) the issue was actually litigated in the prior suit; (3) the determination of the issue was critical and necessary to the judgment in the prior action; and (4) the party against whom the doctrine is invoked had a full and fair opportunity to litigate the issue in the prior proceeding. *Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468, 1473 (11th Cir. 1986) (citing *Greenblatt v. Drexel Burnham Lambert, Inc.*, 763 F.2d 1352, 1360 (11th Cir.1985)). Each of these requirements are satisfied here.

First, the issue here is identical to the issue in *Wood I*. An issue is identical to one that has already been litigated when the same facts and rule of law from the prior proceeding apply. *See generally B&B Hardware, Inc. v. Hargis Indus.*, 575 U.S. 138 (2015); *see also CSX Transp., Inc. v. Bhd. of Maint. of Way Emps.*, 327 F.3d 1309, 1317 (11th Cir. 2003) (explaining that issue preclusion "directs

our attention to the relative similarity of the facts of each case"). Wood argues that he has presented additional facts and context in this action that "lend credibility" to his arguments from the first action. But we do not see any daylight between the issues. As the district court explained, Wood did not take any alleged steps to exhaust between filing the two actions; he is simply arguing that the district court's initial ruling was wrong. Although some allegations are different between the two complaints, these factual differences are not materially significant to the exhaustion analysis. *See CSX Transp., Inc.*, 327 F.3d at 1318 (emphasizing that a "material difference in fact" is necessary).

Second, the issue was actually litigated in *Wood I*. An issue is actually litigated when it is "properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1267-1268 (2011) (quoting Restatement of Judgments § 27, cmt. d). The defendant raised the issue of whether Wood had exhausted available remedies in their motion to dismiss in *Wood I*. And Wood argued that no administrative remedies were available in his response to the motion to dismiss in *Wood I*. The district court expressly held that Wood had not exhausted available administrative remedies when it granted the motion to dismiss the prior suit.

Third, the issue was critical and necessary to the judgment in *Wood I*. The district court, quoting its own order from *Wood I*, stated that it "dismissed Wood's case for failure to exhaust available administrative remedies." Because the issue was integral to the

district court's dismissal determination, it was critical and necessary. Cf. Lary v. Ansari, 817 F.2d 1521, 1524 (11th Cir. 1987) (declining to conclude that an issue was necessary and critical because the prior judgment was too general).

Fourth, Wood had a full and fair opportunity to litigate the issue in Wood I. Wood argues to the contrary, complaining that the district court in Wood I did not appoint counsel, hold an evidentiary hearing, or give him a "sufficient opportunity to develop the record." He cites a passage from our decision in Gjellum v. City of Birmingham, where we explained that relitigation of otherwise precluded claims "may nevertheless be warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." 829 F.2d 1056, 1063 (11th Cir. 1987) (cleaned up). We believe the district court applied fundamentally fair procedures in ruling on the issue of exhaustion. Fairness did not require the district court to hold an evidentiary hearing or appoint counsel. And the district court did not prevent Wood from developing a record on exhaustion. Among other things, the district court forgave procedural improprieties relating to documents presented by Wood on the issue of availability, accepting two procedurally improper documents and allowing him to include additional factual allegations in his objection to the magistrate judge's report. See Gorin v. Osborne, 756 F.2d 834, 837 (11th Cir. 1985) (explaining that plaintiff had a full and fair opportunity to litigate because he was offered a "panoply of procedures" at the administrative level, "complemented by administrative as well as judicial

review" (quotation omitted)). The district court correctly determined that its previous dismissal for lack of exhaustion precluded relitigating the issue in a second suit.

## IV. CONCLUSION

For the foregoing reasons, the district court's judgment is **AFFIRMED.**